(May 8, 1989)

■ FEDELINDA ABREU, Plaintiff, v SUPERMARKETS GENERAL CORP. et al., Appellants, and LOUIS L. ROSENBERG et al., Respondents, et al., Defendant.—In a negligence action to recover damages for personal injuries, the defendants Supermarkets General Corporation, Pathmark of Hamilton Plaza and Pathmark Pharmacy of Hamilton Plaza appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated May 25, 1988, which denied the motion of Supermarkets General Corporation for summary judgment on its cross claim against the defendants Louis L. Rosenberg and Hamilton Plaza Associates.

Ordered that the appeals by Pathmark of Hamilton Plaza and Pathmark Pharmacy of Hamilton Plaza are dismissed, as they are not aggrieved by the order appealed from (CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

On September 7, 1985, the plaintiff Fedelinda Abreu was injured when she tripped and fell on a sidewalk in front of a Pathmark supermarket in the Hamilton Plaza shopping center in Brooklyn, striking her face against one of the metal poles erected in front of the premises to prevent the theft of shopping carts. Included as defendants in the instant action are Supermarkets General Corporation, which operates and leases the Pathmark store, Hamilton Plaza Associates, which owns the shopping center, and Louis L. Rosenberg, an individual partner of Hamilton Plaza Associates.

Supermarkets General Corporation asserted a cross claim against Hamilton Plaza Associates and Rosenberg, and thereafter moved for summary judgment on the ground that the sidewalk in front of its premises was a common area of the shopping center as defined by its lease with Hamilton Plaza Associates, and that the lease required Hamilton Plaza Associates to indemnify it for claims arising from accidents occurring in common areas. Hamilton Plaza Associates and Rosenberg, relying primarily on the deposition testimony of a supermarket employee which indicated that Pathmark used the portion of the sidewalk in front of its store where the accident occurred as a "Cart Corral", asserted that Supermarkets General Corporation had assumed responsibility for the cleaning and maintenance of the area where the accident occurred. The Supreme Court denied the motion.

To prevail on a motion for summary judgment, the movant

has the initial burden of establishing his cause of action or defense sufficiently to warrant the court as a matter of law to award judgment in his favor *(see, Olan v Farrell Lines,* 64 NY2d 1092; *Zuckerman v City of New York,* 49 NY2d 557). This burden has not been met by Supermarkets General Corporation, since the evidence in the record does not establish whether the accident occurred in a common area of the shopping center. To be enforceable, an indemnification agreement must evince the unmistakable intent of the parties to exculpate the indemnitee from its own negligence *(see, Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153; *Levine v Shell Oil Co.,* 28 NY2d 205, 212). While the indemnification agreement in this case is unambiguous, a question of fact is raised as to whether the agreement applies in this case, in view of the fact that the supermarket may have assumed maintenance and control of the "Cart Corral" in front of its premises. Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.