■ GLORIA FORTE, Plaintiff, v DAVID S. BAHARY et al., Appellants, and ZEIBEQ FOOD ENTERPRISES, Respondent.—In a negligence action to recover damages for personal injuries, the defendants David S. Bahary and Norman Bahary appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated March 13, 1990, which denied their motion for summary judgment in their favor on their cross claims for indemnification against the defendant Zeibeq Food Enterprises.

Ordered that the order is affirmed, with costs.

The Supreme Court acted properly in denying the appellants' motion for summary judgment. While the indemnification provision contained in the lease between the appellants and the defendant Zeibeq Food Enterprises (hereinafter Zeibeq) evinces an unmistakable intent that Zeibeq would indemnify the appellants for claims which did not arise out of the appellants' own negligence *(see generally, Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153; *Ebbecke v Bay View Envtl. Servs.,* 145 AD2d 524), it is unclear from the facts of this case whether the plaintiff's injuries resulted from the negligence of the appellants or of Zeibeq. Accordingly, it cannot be determined as a matter of law from the present record whether the indemnification clause is applicable *(see, e.g., Abreu v Supermarkets Gen. Corp.,* 150 AD2d 413).

The appellants' equitable estoppel claim is not properly before us, as it was not advanced in the Supreme Court. In any event, we note that the elements of equitable estoppel are not adequately made out on this record.

It should be noted that our disposition of this appeal does not prejudice any rights which the appellants may have under

the insurance procurement provision which is set forth in their lease with Zeibeq *(see generally, Kinney v Lisk Co.,* 76 NY2d 215). Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.