■ TARA A. TARRAZI, Respondent-Appellant, v 2025 RICH-MOND AVENUE ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. BART PE-LORO et al., Third-Party Defendants-Respondents. [669 NYS2d 943] —In a negligence action to recover damages for personal injuries, the defendant 2025 Richmond Avenue Associates appeals from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated June 27, 1997, as denied its motion for summary judgment on the first, second, and third third-party complaints, and granted the respective motions of the third-party defendants Bart Peloro, Carl Anderson, and University Medical Internists, and the second third-party defendant Allstate Insurance Company, for summary judgment dismissing the first and second third-party complaints insofar as asserted against them. The plaintiff cross-appeals from so much of the order as granted the respective motions of the third-party defendants Bart Peloro, Carl Anderson, and University Medical Internists, and the second third-party defendant Allstate Insurance Company.

Ordered that the cross appeal by the plaintiff is dismissed, as she is not aggrieved by that portion of the order cross-appealed from (see, CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the third-party defendants Bart Peloro, Carl Anderson, and University Medical Internists, and the second third-party defendant Allstate Insurance Company, appearing separately and filing separate briefs, are awarded one bill of costs payable by the defendant 2025 Richmond Avenue Associates.

The insurance purchased by the third-party defendants Bart Peloro, Carl Anderson, and University Medical Internists (hereinafter the tenants), for the benefit of the defendant 2025 Richmond Avenue Associates (hereinafter the landlord), was sufficient under the terms of the lease. Accordingly, the Supreme Court properly granted those branches of the tenants' respective motions which were for summary judgment dismissing the landlord's cause of action to recover damages for breach of contract to procure insurance.

Since the lease does not require the tenants to hold the landlord harmless for the landlord's own negligence, the Supreme Court properly granted those branches of the tenants' respective motions which were for summary judgment dismissing the landlord's cause of action to recover damages for contractual indemnification.

The landlord's remaining contentions are without merit. Copertino, J. P., Altman, Florio and Luciano, JJ., concur.