■ TINA MOORE, Plaintiff, v FIRST INDUSTRIAL, LP, Defendant and Third-Party Plaintiff-Appellant. NEWSDAY, INC., Third-Party Defendant-Respondent. [745 NYS2d 220] —In an action to recover damages for personal injuries, the defendant third-party plaintiff First Industrial, LP, appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated April 2, 2001, which granted the motion of the third-party defendant Newsday, Inc., for summary judgment dismissing the third-party complaint, and denied its cross motion for partial summary judgment on the issue of contractual indemnification.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against First Industrial, LP (hereinafter First Industrial) for injuries she allegedly sustained due to a defect in a parking lot it owned. First Industrial leased portions of a building adjacent to the parking lot to Newsday, Inc. (hereinafter Newsday), and Newsday subleased a portion of the building to the plaintiff's employer, an independent newspaper delivery agent.

The lease agreement provided that First Industrial was responsible for maintenance of the exterior of the leased premises, including the parking lot. The indemnity provision of the lease provided, in relevant part: "Tenant shall indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses * * * paid, suffered or incurred as a result of * * * the carelessness, negligence, or improper conduct of the Tenant, Tenant's agents, contractors, employees, invitees or licensees. Tenant's liability under this lease extends to the acts and omissions of any sub-tenant * * * In case any action or proceeding is brought against Owner by reason of any such claim, Tenant * * * will, at Tenant's expense, resist or defend such action or proceeding." The lease agreement further required Newsday to obtain insurance "against any claims arising out of liability for

bodily injury * * * and personal injury * * * occurring in or about the demised premises * * * and otherwise resulting from any acts or operations of Tenant, its agents and employees." Finally, it required Newsday to include First Industrial as an additional insured with respect to the demised premises, Newsday's operations, and any areas used by Newsday's employees, invitees, customers or guests. Newsday was self-insured, as permitted by the terms of the lease.

First Industrial commenced a third-party action against Newsday, contending that based on the insurance procurement provision of the lease, Newsday was required to defend and indemnify it in the plaintiff's action. The Supreme Court granted Newsday's motion for summary judgment dismissing the third-party complaint, and we now affirm.

The complaint in the main action alleged a cause of action solely against First Industrial based on the condition of the parking lot, and it is undisputed that First Industrial was solely responsible for maintenance of the parking lot. "A landlord and its tenant are certainly free to negotiate at arm's length for allocation of the risk of liability to third parties, by one's procurement of liability insurance for their mutual benefit * * * But to the extent that such a broad indemnification for the fault of another can ever be effective, the language expressing such intent must be 'unmistakable' " (*Glover v City of New York*, 215 AD2d 146, 147, quoting *Abreu v Vardo Constr. Corp.*, 204 AD2d 178, 179; *see Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 158-161).

The provisions of the lease agreement do not express an unmistakable intent that Newsday indemnify First Industrial for its sole negligence where the injuries do not result from any negligence on the part of Newsday, its agents, employees or invitees. In addition, Newsday submitted an affidavit from an employee responsible for reviewing lease agreements who stated that Newsday never intended to assume a risk of liability for First Industrial's negligent acts with respect to the exterior of the premises, and that no provision in the lease agreement indicated such an intent. The evidence submitted by First Industrial failed to raise a triable issue of fact. Accordingly, the Supreme Court properly determined that Newsday was not required to defend and indemnify First Industrial in the plaintiff's action (*see Tarrazi v 2025 Richmond Ave. Assoc.*, 248 AD2d 609; *Gallo v Miller Mgt.*, 208 AD2d 498, 499; *cf. Tibbetts v I.B.M. Corp.*, 161 AD2d 581; *Forte v Bahary*, 181 AD2d 657), and the third-party complaint was properly dismissed. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.