█ NALENE RAMCHARAN et al., Appellants-Respondents, v BEACH 20TH REALTY, LLC, Defendant/Third-Party Plaintiff-Respondent. EXCEL ELECTRIC Co. et al., Third-Party Defend-

ants-Respondents-Appellants, et al., Third-Party Defendants. [942 NYS2d 593]—

In an action, inter alia, to recover damages for wrongful death, (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated January 11, 2010, as granted those branches of the motion of the third-party defendant Excel Electric Co., and respective cross motions of the defendant/third-party plaintiff, Beach 20th Realty, LLC, and third-party defendant Unlimited Export, Inc., which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), (2) the third-party defendant Excel Electric Co. cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the third-party cause of action asserted by the defendant/third-party plaintiff, Beach 20th Realty, LLC, alleging breach of contract for failure to procure insurance against it, and (3) the third-party defendant Unlimited Export, Inc., separately cross-appeals from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the third-party cause of action asserted by the defendant/third-party plaintiff, Beach 20th Realty, LLC, seeking contractual indemnification against it and granted that branch of the cross motion of the defendant/third-party plaintiff, Beach 20th Realty LLC, which was for summary judgment on that third-party cause of action.

Ordered that the order is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, that branch of the motion of the third-party defendant Excel Electric Co. which was for summary judgment dismissing the third-party cause of action asserted by the defendant/third-party plaintiff, Beach 20th Realty, LLC, alleging breach of contract for failure to procure insurance against it is granted, that branch of the cross motion of the third-party defendant Unlimited Export, Inc., which was for summary judgment dismissing the third-party cause of action asserted by the defendant/third-party plaintiff, Beach 20th Realty, LLC, seeking contractual indemnification against it is granted, and that branch of the cross motion of the defendant/third-party plaintiff, Beach 20th Realty, LLC, which was for summary judgment on

its third-party cause of action for contractual indemnification asserted against the third-party defendant Unlimited Export, Inc., is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant/third-party plaintiff, Beach 20th Realty, LLC, payable by the plaintiffs, and one bill of costs is awarded to the third-party defendants Excel Electric Co., and Unlimited Export, Inc., payable by the defendant/third-party plaintiff, Beach 20th Realty, LLC.

On August 19, 2005, Munesh Ramcharan (hereinafter the decedent) was fatally injured while performing electrical work at a warehouse owned by Beach 20th Realty, LLC (hereinafter Beach), and leased to Unlimited Export, Inc. (hereinafter Unlimited). The decedent was employed by Excel Electric Co. (hereinafter Excel), a company which had been retained by Beach to perform electrical work at the warehouse. The plaintiffs, as co-administrators of the estate of the decedent, commenced an action against Beach alleging, inter alia, that it violated Labor Law § 241 (6). Subsequently, Beach commenced a third-party action against, among others, Excel and Unlimited.

The Supreme Court properly granted those branches of Excel's motion, and the separate cross motions of Beach and Unlimited, which were for summary judgment dismissing the cause of action alleging that Beach violated Labor Law § 241 (6). To support a cause of action pursuant to Labor Law § 241 (6), the particular Industrial Code provision relied upon by the plaintiff must mandate compliance with concrete specifications and must not simply declare general safety standards or reiterate common-law principles (*see Misicki v Caradonna*, 12 NY3d 511,.515 [2009]). Here, the plaintiffs alleged a violation of section 23-9.8 (k) of the Industrial Code (12 NYCRR). This provision, however, lacks the specificity required to support a cause of action under Labor Law § 241 (6) (*see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504-505 [1993]; *Hricus v Aurora Contrs., Inc.*, 63 AD3d 1004, 1005 [2009]). The plaintiffs' contention regarding an additional violation of Industrial Code (*see* 12 NYCRR 23-1.5 [a]), raised for the first time on appeal by the plaintiffs, is not properly before us (*see Dooley v Peerless Importers, Inc.*, 42 AD3d 199, 206 [2007]; *Thompson v Marotta*, 256 AD2d 1124, 1125 [1998]).

The Supreme Court should have granted that branch of Excel's motion which was for summary judgment dismissing Beach's third-party cause of action alleging breach of contract for failure to procure insurance against it. "A provision in a construction contract cannot be interpreted as requiring the

procurement of additional insured coverage unless such a requirement is expressly and specifically stated. In addition, contract language that merely requires the purchase of insurance will not be read as also requiring that a contracting party be named as an additional insured" (*Trapani v 10 Arial Way Assoc.*, 301 AD2d 644, 647 [2003]; *see 140 Broadway Prop. v Schindler El. Co.*, 73 AD3d 717, 718-719 [2010]; *School Constr. Consultants, Inc. v ARA Plumbing & Heating Corp.*, 63 AD3d 1029, 1030 [2009]; *Empire Ins. Co. v Insurance Corp. of N.Y.*, 40 AD3d 686, 688 [2007]). Here, Excel demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was not contractually obligated to procure insurance coverage naming Beach as an additional insured based upon the language of its agreement with Beach. A plain reading of the written contract between Excel and Beach demonstrates that Excel was not required to procure insurance naming Beach as an additional insured. Rather, Excel was required to provide Beach with certificates of insurance from all subcontractors listing Beach as an additional insured. In opposition, Beach failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to the Supreme Court's determination, Beach failed to demonstrate its prima facie entitlement to judgment as a matter of law on its third-party contractual indemnification cause of action against Unlimited, and Unlimited demonstrated its prima facie entitlement to judgment as a matter of law dismissing that third-party cause of action against it. The lease between Beach and Unlimited does not reflect Unlimited's "unmistakable intent" to indemnify Beach for any claim that does not result from any negligence on the part of Unlimited or Unlimited's contractors, agents, employees, or invitees (*see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417 [2006]; *Stern's Dept. Stores, Inc. v Little Neck Dental*, 11 AD3d 674, 675 [2004]; *Moore v First Indus.*, 296 AD2d 537, 538 [2002]). The lease provided that Unlimited is required to indemnify and hold harmless Beach "from all liabilities, obligations, damages . . . [and] claims . . . as a result of . . . the carelessness, negligence or improper conduct of [Unlimited], [Unlimited's] agents, contractors, employees, invitees or licensees." Unlimited established that Excel was a contractor retained by Beach, and that Beach's liability to the plaintiffs, if any, would be predicated upon the wrongdoing of Excel, and not upon any negligence on the part of Unlimited, or its agents, contractors, employees, or invitees. In opposition, Beach failed to raise a triable issue of fact (*see Moore v First Indus.*, 296 AD2d at 538; *Tarrazi v 2025 Richmond Ave. Assoc.*, 248 AD2d

609, 609 [1998]). Accordingly, the Supreme Court should have denied that branch of Beach's cross motion which was for summary judgment on its third-party contractual indemnification cause of action against Unlimited, and should have granted that branch of Unlimited's cross motion which was for summary judgment dismissing that cause of action against it.

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.