■ Nikolaos Karanikolas et al., Respondents, v Elias Taverna, LLC, Doing Business as Bread & Olive the Middle Eastern Place, Defendant/Third-Party Plaintiff-Respondent-Appellant, and 20 John Street, LLC, Appellant-Respondent.

In an action to recover damages for personal injuries, etc., the defendant 20 John Street, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered October 5, 2012, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, denied its cross motion for summary judgment dismissing the causes of action insofar as asserted against it alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as predicated on alleged violations of 12 NYCRR 23-1.2, 23-1.4 (b) (16); 23-1.7 (a) and (b); 23-1.8 (c); 23-1.15, 23-1.16, 23-1.17, 23-1.19, 23-1.20, 23-1.21 (a), (c), (d), (e) and (f); 23-1.25 (a); 23-3.1, 23-3.2, 23-3.3 (c) and (h), and subparts 23-5 and 23-6, and denied its separate cross motion for summary judgment on its cross claims against the defendant Elias Taverna, LLC, doing business as Bread & Olive the Middle Eastern Place, for contractual and common-law indemnification and to recover damages for breach of contract for failure to procure insurance, and the defendant Elias Taverna, LLC, doing business as Bread & Olive the Middle Eastern Place, separately appeals, as limited by its brief, from so much of the same order as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it and denied its cross motion for summary judgment dismissing the complaint, the cross claims of the defendant 20 John Street, LLC, for contractual and common-law indemnification and contribution, and the counterclaim of the third-party defendant Castello General Construction Corp. for common-law indemnification and contribution insofar as asserted against it, and on its cross claim against the defendant 20 John Street, LLC, for common-law indemnification.

Ordered that order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision denying that branch of the motion, (2) by deleting the provisions thereof denying those

branches of the respective cross motions of the defendants 20 John Street, LLC, and Elias Taverna, LLC, doing business as Bread & Olive the Middle Eastern Place, which were for summary judgment dismissing the causes of action insofar as asserted against each of them alleging a violation of Labor Law § 241 (6) insofar as predicated on alleged violations of 12 NYCRR 23-1.2, 23-1.4 (b) (16); 23-1.7 (a) and (b); 23-1.8 (c); 23-1.15, 23-1.16, 23-1.17, 23-1.19, 23-1.20, 23-1.21 (a), (c), (d), (e) and (f); 23-1.25 (a); 23-3.1, 23-3.2, 23-3.3 (c) and (h), and subparts 23-5 and 23-6, and substituting therefor provisions granting those branches of the respective cross motions, (3) by deleting the provision thereof denying that branch of the cross motion of the defendant 20 John Street, LLC, which was for summary judgment on its cross claim for contractual indemnification against the defendant Elias Taverna, LLC, doing business as Bread & Olive the Middle Eastern Place, and substituting therefor a provision granting that branch of the cross motion, and (4) by deleting the provisions thereof denying those branches of the cross motion of the defendant Elias Taverna, LLC, doing business as Bread & Olive the Middle Eastern Place, which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200, the cross claims of the defendant 20 John Street, LLC, for common-law indemnification and contribution, and the counterclaim of the third-party defendant Castello General Construction Corp. for common-law indemnification and contribution insofar as asserted against it, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The injured plaintiff fell from a six-foot-high, A-frame ladder while he was performing construction work in a building owned by the defendant 20 John Street, LLC (hereinafter 20 John Street), in a space leased by the defendant Elias Taverna, LLC, doing business as Bread & Olive the Middle Eastern Place (hereinafter Elias Taverna). The injured plaintiff, and his wife suing derivatively, commenced this action against 20 John Street and Elias Taverna, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6).

The Supreme Court should have denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). "Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices nec-

essary to protect workers from risks inherent in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]). "The mere fact that a plaintiff fell from a ladder does not, in and of itself, establish that proper protection was not provided" (*Hugo v Sarantakos*, 108 AD3d 744, 745 [2013] [internal quotation marks omitted]). "There must be evidence that the ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (*id.*). Here, in opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1), the defendants raised a triable issue of fact as to whether the ladder used by the injured plaintiff was, in fact, defective or inadequately secured (*see id.*; *Gaspar v Pace Univ.*, 101 AD3d 1073, 1074 [2012]; *Chin-Sue v City of New York*, 83 AD3d 643, 644 [2011]).

The Supreme Court should have granted those branches of the defendants' respective cross motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against each of them insofar as predicated on alleged violations of 12 NYCRR 23-1.2, 23-1.4 (b) (16); 23-1.7 (a) and (b); 23-1.8 (c); 23-1.15, 23-1.16, 23-1.17, 23-1.19, 23-1.20, 23-1.21 (a), (c), (d), (e) and (f); 23-1.25 (a); 23-3.1, 23-3.2, 23-3.3 (c) and (h) and subparts 23-5 and 23-6. The defendants established, prima facie, that those sections of the Industrial Code are either not specific enough to give rise to the duty imposed by Labor Law § 241 (6), or are inapplicable to the facts of this case (*see Gasques v State of New York*, 15 NY3d 869, 870 [2010]; *Ramirez v Metropolitan Transp. Auth.*, 106 AD3d 799, 801 [2013]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court should have granted that branch of the cross motion of Elias Taverna which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. In this action, arising from the means and manner of the work performed, Elias Taverna established, prima facie, that it lacked the authority to control the manner in which the injured plaintiff's work was performed, and that it did not lend the injured plaintiff the allegedly defective ladder from which he fell (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Chowdhury v Rodriguez*, 57 AD3d 121, 131-132 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court should have granted that branch of 20

John Street's cross motion which was for summary judgment on its cross claim against Elias Taverna for contractual indemnification. 20 John Street established its prima facie entitlement to judgment as a matter of law by submitting the lease between itself and Elias Taverna, which required Elias Taverna to indemnify 20 John Street with respect to any personal injury claims arising out of any occurrence in the demised premises (*see Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992, 995-996 [2009]). Contrary to the contention of Elias Taverna, the indemnification provision in the lease agreement is not rendered unenforceable by General Obligations Law § 5-321, which provides that an agreement that purports to exempt a lessor from its own negligence is void and unenforceable. "[W]here, as here, the liability is to a third party, General Obligations Law § 5-321 does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm's length between two sophisticated parties when coupled with an insurance procurement requirement" (*DiBuono v Abbey, LLC*, 95 AD3d 1062, 1064 [2012] [internal quotation marks omitted]; *see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 418-419 [2006]). "Under such circumstances, the purpose of the indemnity clause is not to exempt the lessor from liability to the victim, but to allocate the risk of liability to third parties between the lessor and the lessee" (*DiBuono v Abbey, LLC*, 83 AD3d 650, 653 [2011]). In opposition, Elias Taverna failed to raise a triable issue of fact.

The Supreme Court properly denied that branch of 20 John Street's cross motion which was for summary judgment on its cross claim against Elias Taverna to recover damages for breach of contract for failure to procure insurance. 20 John Street failed to demonstrate, prima facie, that Elias Taverna failed to comply with the lease provision requiring it to procure commercial liability insurance protecting and indemnifying 20 John Street (*see Mathey v Metropolitan Transp. Auth.*, 95 AD3d 842, 845 [2012]; *DiBuono v Abbey, LLC*, 83 AD3d at 653).

The Supreme Court should have granted those branches of Elias Taverna's cross motion which were for summary judgment dismissing the cross claims of 20 John Street, and the counterclaim of the third-party defendant Castello General Construction Corp. (hereinafter Castello) against it for common-law indemnification and contribution. Elias Taverna established, prima facie, that it was not negligent, and did not have the authority to direct, supervise, or control the work giving rise to the injury (*see Posa v Copiague Pub. School Dist.*, 84 AD3d 770, 774 [2011]; *Kielty v AJS Constr. of L.I., Inc.*, 83 AD3d 1004,

1005 [2011]). In opposition, 20 John Street and Castello failed to raise a triable issue of fact.

The appellants' remaining contentions either are without merit or are not properly before this Court. Rivera, J.P., Lott, Roman and Cohen, JJ., concur.