■ State of New York, Respondent, v Defoe Corp. et al., Defendants, B & H Engineering, P.C., et al., Respondents, and Munoz Engineering, P.C., et al., Appellants. [49 NYS3d 897]—In an action, inter alia, for common-law indemnification, contribution, and contractual indemnification, the defendants Munoz Engineering, P.C., and Munoz Engineering & Land Surveying, P.C., appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 23, 2015, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff-respondent and the defendant-respondent B & H Engineering, P.C.

A party can establish its prima facie entitlement to judgment as a matter of law dismissing a claim for common-law indemnification and contribution asserted against it by establishing that it was not negligent, and that it did not have the authority to direct, supervise, or control the work giving rise to the injury (*see Karanikolas v Elias Taverna, LLC*, 120 AD3d 552, 556 [2014]; *Fox v H&M Hennes & Mauritz, L.P.*, 83 AD3d 889,

891 [2011]; *Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc.*, 54 AD3d 394, 395 [2008]). Here, the Supreme Court properly denied that branch of the motion of the defendants Munoz Engineering, P.C., and Munoz Engineering & Land Surveying, P.C. (hereinafter together the Munoz defendants), which was for summary judgment dismissing the cause of action and cross claims for common-law indemnification and contribution insofar as asserted against them, as the Munoz defendants failed to eliminate all triable issues of fact as to whether they were negligent, and had the authority to direct or supervise the work at the construction site where the underlying accident occurred.

Furthermore, the Supreme Court properly denied that branch of the motion of the Munoz defendants which was for summary judgment dismissing the cause of action and cross claims for contractual indemnification insofar as asserted against them, as the Munoz defendants failed to eliminate all triable issues of fact as to their freedom from negligence with regard to the underlying accident (*see Lam v Sky Realty, Inc.*, 142 AD3d 1137, 1139 [2016]; *DeSabato v 674 Carroll St. Corp.*, 55 AD3d 656, 659 [2008]).

We have not considered the Munoz defendants' remaining contention, which was improperly raised for the first time in their reply papers before the Supreme Court (*see Poveromo v Kelley-Amerit Fleet Servs., Inc.*, 127 AD3d 1048 [2015]).

Since the Munoz defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.