Uddin v A.T.A. Constr. Corp. (2018 NY Slip Op 06136)





Uddin v A.T.A. Constr. Corp.


2018 NY Slip Op 06136


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-00163
 (Index No. 32455/08)

[*1]Main Uddin, plaintiff-respondent, 
v
A.T.A. Construction Corp., defendant third-party plaintiff- respondent, Park Slope Condominium, defendant second third-party plaintiff-respondent; B.D. Builders USA, Inc., third-party defendant-respondent- appellant, Scottsdale Insurance Company, third-party defendant-respondent; Flan Realty, LLC, second third- party defendant-appellant-respondent.


Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Michael J. White of counsel), for second third-party defendant-appellant-respondent.
Cascone & Kluepfel, LLP, Garden City, NY (Howard B. Altman and James K. O'Sullivan of counsel), for third-party defendant-respondent-appellant.
Silverman Shin & Byrne PLLC, New York, NY (Andrew Achiron and Henry J. Achiron of counsel), for defendant second third-party plaintiff-respondent.
Baxter, Smith & Shapiro, P.C., Hicksville, NY (Margot L. Ludlam of counsel), for defendant third-party plaintiff-respondent.
Kennedys CMK LLP, New York, NY (Eileen de Callies of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the second third-party defendant appeals, and the third-party defendant B.D. Builders USA, Inc., cross-appeals, from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated October 16, 2015. The order, insofar as appealed from, denied those branches of the motion of the second third-party defendant which were for summary judgment dismissing the second third-party complaint and for summary judgment on its cross claims for contractual indemnification against the third-party plaintiff and the third-party defendant B.D. Builders USA, Inc., and denied its cross motion for summary judgment declaring that the third-party defendant Scottsdale Insurance Company was obligated to defend and indemnify it, and granted that branch of the motion of the third-party defendant B.D. Builders USA, Inc., which was for summary judgment dismissing the second third-party defendant's cross claim for contractual indemnification insofar as asserted against the third-party defendant B.D. Builders USA, Inc. The order, insofar as cross-appealed from, denied those branches of the cross motion of the third-party defendant B.D. Builders USA, Inc., which were for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance naming the third-party plaintiff as an additional insured, and the cross claim of the second third-party defendant alleging [*2]breach of contract for failure to procure insurance naming the second third-party defendant as an additional insured, insofar as asserted against it. 
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and those branches of the cross motion of the third-party defendant B.D. Builders USA, Inc., which were for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance naming the third-party plaintiff as an additional insured and the cross claim of the second third-party defendant alleging breach of contract for failure to procure insurance naming the second third-party defendant as an additional insured insofar as asserted against it are granted; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendant B.D. Builders USA, Inc., payable by the third-party plaintiff and the second third-party defendant, and one bill of costs is awarded to the defendant second third-party plaintiff, payable by the second third-party defendant.
The plaintiff, an employee of the subcontractor B.D. Builders USA, Inc. (hereinafter B.D.), allegedly was injured while performing work on a construction project for which the general contractor was A.T.A. Construction Corp. (hereinafter A.T.A.). The plaintiff commenced an action to recover damages for personal injuries against A.T.A. and the entity he believed to be the owner of the premises where the accident occurred, Park Slope Condominium (hereinafter Park Slope). A.T.A. commenced a third-party action against B.D. and its insurance carrier, Scottsdale Insurance Company (hereinafter Scottsdale), alleging, among other things, that B.D. breached an agreement to procure insurance naming A.T.A. as an additional insured. Park Slope then commenced a second third-party action against Flan Realty, LLC (hereinafter Flan), the entity that claimed to have owned the premises at the time of the accident, seeking common-law indemnification and contribution. Flan, in its answer, asserted, among other things, cross claims against B.D. for breach of a contract to procure insurance naming Flan as an additional insured and against B.D. and A.T.A., among others, for contractual indemnification. 
Flan moved, inter alia, for summary judgment dismissing the second third-party complaint and for summary judgment on its cross claims for contractual indemnification against A.T.A. and B.D., and also sought summary judgment declaring that Scottsdale was obligated to defend and indemnify it. B.D. cross-moved, inter alia, for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance naming A.T.A. as an additional insured and dismissing Flan's cross claim alleging breach of contract for failure to procure insurance naming Flan as an additional insured insofar as asserted against it, and for summary judgment dismissing Flan's cross claim for contractual indemnification insofar as asserted against it. In an order dated October 16, 2015, the Supreme Court, inter alia, denied those branches of Flan's motions. In addition, the court denied those branches of B.D.'s cross motion which were for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance naming A.T.A. as an additional insured and the cross claim alleging breach of contract for failure to procure insurance naming Flan as an additional insured insofar as asserted against it, but granted that branch of its cross motion which was for summary judgment dismissing Flan's cross claim for contractual indemnification insofar as asserted against it. Flan appeals and B.D. cross-appeals.
We agree with the Supreme Court's denial of that branch of Flan's motion which was for summary judgment dismissing the second third-party complaint, which sought common-law indemnification and contribution. "A party can establish its prima facie entitlement to judgment as a matter of law dismissing a claim for common-law indemnification and contribution asserted against it by establishing that it was not negligent, and that it did not have the authority to direct, supervise, or control the work giving rise to the injury" (State of New York v Defoe Corp., 149 AD3d 889, 889; see Karanikolas v Elias Taverna, LLC, 120 AD3d 552, 556). Here, Flan failed to eliminate all triable issues of fact as to whether it had the authority to direct or supervise the work [*3]at the construction site where the accident occurred (see State of New York v Defoe Corp., 149 AD3d at 890). Furthermore, we agree with the court's denial of that branch of Flan's motion which was for summary judgment on its cross claims for contractual indemnification against A.T.A. and B.D. We also agree with the court's determination to deny Flan's application for summary judgment declaring that Scottsdale was obligated to defend and indemnify it, as Flan failed to establish its prima facie entitlement to such relief. Since Flan failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its motion which were for summary judgment dismissing the second third-party complaint and for summary judgment on its cross claims for contractual indemnification against A.T.A. and B.D., and its cross motion for summary judgment were properly denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). 
However, the Supreme Court should have granted those branches of B.D.'s cross motion which were for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance naming A.T.A. as an additional insured and Flan's cross claim alleging breach of contract for failure to procure insurance naming Flan as an additional insured insofar as asserted against it. "A provision in a construction contract cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated. In addition, contract language that merely requires the purchase of insurance will not be read as also requiring that a contracting party be named as an additional insured" (Trapani v 10 Arial Way Assoc., 301 AD2d 644, 647; see Ramcharan v Beach 20th Realty, LLC, 94 AD3d 964, 967). Here, B.D. demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was not contractually obligated to procure insurance coverage naming A.T.A. or Flan as additional insureds. The written contract between B.D. and A.T.A. did not require B.D. to name either A.T.A. or Flan as additional insureds on its liability policy (see Ramcharan v Beach 20th Realty, LLC, 94 AD3d at 967; 140 Broadway Prop. v Schindler El. Co., 73 AD3d 717, 718-719). In opposition, A.T.A. and Flan failed to raise a triable issue of fact.
Flan's remaining contention is without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court