Cutler v Thomas (2019 NY Slip Op 02675)





Cutler v Thomas


2019 NY Slip Op 02675


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-11229
 (Index No. 59436/13)

[*1]Albert J. Cutler, et al., plaintiffs, 
v
Stella J. Thomas, et al., defendants third-party plaintiffs-appellants; Claude Staley, et al., third-party defendants-respondents, et al., third-party defendant.


Law Office of Steven G. Fauth, LLC, New York, NY (Scott S. Levinson of counsel), for defendants third-party plaintiffs-appellants.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY (Michael J. Marone and Brian L. Battisti of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated October 4, 2017. The order, insofar as appealed from, granted that branch of the motion of the third-party defendants Claude Staley and 9 Cloverdale Lane Corp. which was for summary judgment dismissing the causes of action in the third-party complaint which were for common-law indemnification and contribution insofar as asserted against them.
ORDERED that the appeal purportedly taken by the defendant third-party plaintiff Michael P. Thomas is dismissed, without costs or disbursements, and so much of the order as granted that branch of the motion of the third-party defendants Claude Staley and 9 Cloverdale Lane Corp. which was for summary judgment dismissing the third-party complaint insofar as asserted by the defendant third-party plaintiff Michael P. Thomas against them is vacated; and it is further,
ORDERED that the order is affirmed insofar as reviewed, with costs to the third-party defendants Claude Staley and 9 Cloverdale Lane Corp.
On November 1, 2011, the plaintiff Albert J. Cutler (hereinafter Cutler) was in the process of installing a new boiler in the basement of a home owned by the defendant third-party plaintiff Stella J. Thomas (hereinafter Stella) when he allegedly slipped and fell from a plywood ramp outside the entrance to the basement. Cutler, and his wife suing derivatively, commenced this action against Stella and her deceased husband, the defendant third-party plaintiff Michael P. Thomas (hereinafter Michael), inter alia, to recover damages for personal injuries. After joinder of issue, Stella and Michael commenced a third-party action against, among others, Claude Staley, a contractor who allegedly built the ramp from which Cutler fell, and Staley's business, 9 Cloverdale Lane Corp. (hereinafter together the Cloverdale defendants), seeking, inter alia, common-law indemnification and contribution. Insofar as relevant to this appeal, the Supreme Court granted that branch of the Cloverdale defendants' motion which was for summary judgment dismissing the causes of action in the third-party complaint which were for common-law indemnification and [*2]contribution insofar as asserted against them.
Initially, the appeal purportedly taken by Michael must be dismissed and so much of the order appealed from as pertained to Michael must be vacated as a nullity because he died before the action was commenced (see Gorbaty v Brodsky, 142 AD3d 584, 585; Aurora Bank FSB v Albright, 137 AD3d 1177, 1179; Krysa v Estate of Qyra, 136 AD3d 760; Rivera v Bruchim, 103 AD3d 700, 700-701; Tiralongo v City of New York, 41 AD3d 700, 700).
We agree with the Supreme Court's determination to grant that branch of the Cloverdale defendants' motion which was for summary judgment dismissing the causes of action in the third-party complaint which were for common-law indemnification and contribution insofar as asserted against them by Stella. A party can establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action for common-law indemnification and contribution asserted against it by establishing that it was not at fault in the happening of the subject accident (see State of New York v Defoe Corp., 149 AD3d 889, 889; Chilinski v LMJ Contr., Inc., 137 AD3d 1185, 1187-1188; Karanikolas v Elias Taverna, LLC, 120 AD3d 552, 556; Aragundi v Tishman Realty & Constr. Co., Inc., 68 AD3d 1027, 1030; Bryde v CVS Pharmacy, 61 AD3d 907, 909). Here, the Cloverdale defendants presented evidence establishing, prima facie, that the ramp was adequately constructed and that the only theory on which the plaintiffs could possibly recover was one alleging that the ramp was negligently maintained. Since it is undisputed that Stella was exclusively responsible for the maintenance of the ramp, the Cloverdale defendants established, prima facie, that they were not at fault in the happening of Cutler's accident. In opposition, Stella failed to raise a triable issue of fact. Stella's argument that the court based its decision to grant summary judgment dismissing the common-law indemnification and contribution causes of action against the Cloverdale defendants by misapplying the doctrine of inconsistent positions is without merit.
We note that, although the Supreme Court acknowledged in its order that Michael was deceased at the time of commencement of the action, it failed to take any further steps to remedy jurisdictional defects resulting therefrom. Likewise, the parties have ignored this problem and charted their own course in litigating this matter as if Michael's death was an irrelevant fact. Inasmuch as the parties and the Supreme Court never addressed whether Michael's pre-action death impacted Stella's ability to assert a third-party action as a co-third-party plaintiff, and this issue is not an issue that has ever been addressed or briefed by the parties, we do not address it on this appeal other than to the extent that it deprives this Court of jurisdiction to entertain the appeal insofar as purportedly taken by Michael as indicated herein.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court