Garendean Realty Owner, LLC v 14 Lincoln Place, LLC (2019 NY Slip Op 06380)





Garendean Realty Owner, LLC v 14 Lincoln Place, LLC


2019 NY Slip Op 06380


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01426
 (Index No. 509827/14)

[*1]Garendean Realty Owner, LLC, appellant,
v
14 Lincoln Place, LLC, respondent, et al., defendants.


Rivkin Radler LLP, New York, NY (David M. Grill, Evan R. Schieber, Jeremy B. Honig, and Henry Mascia of counsel), for appellant.
Wenig Saltiel LLP, Brooklyn, NY (Meryl L. Wenig and Jason M. Fink of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated December 28, 2016. The order granted the motion of the defendant 14 Lincoln Place, LLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant 14 Lincoln Place, LLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it is denied.
After the plaintiff purchased a multifamily residential apartment building in Brooklyn (hereinafter the building) from the defendant 14 Lincoln Place, LLC (hereinafter Lincoln), tenants in one of the apartments filed a complaint with the New York State Division of Housing and Community Renewal (hereinafter the DHCR), contending, inter alia, that they were entitled to a renewal lease under the Rent Stabilization Code. The plaintiff then commenced this action against, among others, Lincoln, alleging, inter alia, causes of action to recover damages for fraud and breach of contract based on Lincoln's alleged misrepresentation that the apartment in question was exempt from rent regulation. The Supreme Court granted Lincoln's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it on the ground that the action was premature and thus did not present a justiciable controversy. The plaintiff appeals.
Contrary to the Supreme Court's determination, the issues of whether Lincoln breached the contract and misrepresented the rent-regulated status of the apartment in question were not premature, as the viability of the plaintiff's causes of action was not contingent on the DHCR's ultimate resolution of the tenants' complaint. The plaintiff adequately alleged that it sustained damages at the time the action was commenced by virtue of having been fraudulently induced to enter into the contract of sale, and to pay an inflated purchase price for the building, as a result of the alleged misrepresentation (see Rodin Props.-Shore Mall v Ullman, 253 AD2d 403, 404).
We have not considered Lincoln's additional contention, which was improperly raised for the first time in its reply papers on the motion and was not addressed by the Supreme Court (see [*2]Kaziu v Human Care Servs. for Families & Children, Inc., 167 AD3d 588, 589; Gottlieb v Wynne, 159 AD3d 799, 801; State of New York v Defoe Corp., 149 AD3d 889, 890).
Accordingly, the Supreme Court should have denied Lincoln's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court