Matter of Allstate Ins. Co. v Dewar (2020 NY Slip Op 04739)





Matter of Allstate Ins. Co. v Dewar


2020 NY Slip Op 04739


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-09654
 (Index No. 8504/16)

[*1]In the Matter of Allstate Insurance Company, petitioner-respondent, 
v
Bryan Dewar, appellant; Ameriprise Auto & Home Insurance Company, et al., additional respondents-respondents, et al., additional respondents.


Raiser & Keniff, P.C., Mineola, NY (Ethan D. Irwin of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP, Melville, NY (Nathan M. Shapiro of counsel), for additional respondents-respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Bryan Dewar appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated July 13, 2017. The order denied the petition and granted the cross motion of Ameriprise Auto & Home Insurance Company, Deborah Johnson, and Bernard Johnson to dismiss the petition insofar as asserted against them. Motion by the additional respondents-respondents Ameriprise Auto & Home Insurance Company, Deborah Johnson, and Bernard Johnson to dismiss the appeal on the ground that the appellant is not aggrieved. By decision and order on motion of this Court dated March 6, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal is dismissed, with costs.
On March 13, 2016, Bryan Dewar allegedly was injured when he was struck by a vehicle operated by Ronald Ashley. The vehicle was owned by Deborah Johnson and Bernard Johnson (hereinafter together the Johnsons), and was insured under a policy issued by Ameriprise Auto & Home Insurance Company (hereinafter Ameriprise). Ameriprise disclaimed coverage, inter alia, on the ground that Ashley did not have the Johnsons' permission to operate the vehicle. Dewar served a demand upon his insurer, Allstate Insurance Company (hereinafter the petitioner), to arbitrate his claim for uninsured motorist benefits. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 75, among other things, to permanently stay the arbitration. Ameriprise and the Johnsons cross-moved to dismiss the petition insofar as asserted against them. In an order dated July 13, 2017, the Supreme Court denied the petition, granted the cross motion, and [*2]determined that Dewar was "entitled to make a claim" to the petitioner and that "[t]his matter will now proceed to arbitration." Dewar appeals.
"[A] person is aggrieved [within the meaning of CPLR 5511] when he or she asks for relief but that relief is denied in whole or in part[, or] when someone asks for relief against him or her, which the person oppose[d], and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis omitted]). Here, the order appealed from granted relief to Ameriprise and the Johnsons, against the petitioner, but not against Dewar. To the extent Dewar made an affirmative request for relief, the order appealed from did not address any such request. Further, Dewar is not aggrieved simply because he "disagrees with the particular findings, rationale or the opinion supporting the . . . order" (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545). Since Dewar is not aggrieved by the order appealed from, his appeal must be dismissed.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court