Nugra v Aramalla (2021 NY Slip Op 00569)





Nugra v Aramalla


2021 NY Slip Op 00569


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-08360
 (Index No. 26311/10)

[*1]Sandro G. Nugra, plaintiff, 
v
Purnachandra R. Aramalla, et al., defendants, Ben Krupinksi General Contractor, Inc., et al., appellants, CM Richey Electrical Contractors, etc., respondent (and a third-party action).


Camacho Mauro Mulholland, LLP, New York, NY (Kathleen M. Mulholland and Rachel Smith of counsel), for appellants.
Wood Smith Henning & Berman LLP, New York, NY (Tracy J. Abatemarco, Bolam Kim, and Cathleen Giannetta of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Ben Krupinski General Contractor, Inc., and Ben Krupinski Builders & Associates, Inc., appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered June 27, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant CM Richey Electrical Contractors which were for summary judgment dismissing the plaintiff's cause of action alleging common-law negligence insofar as asserted against it and the cross claims of the defendants Ben Krupinski General Contractor, Inc., and Ben Krupinski Builders & Associates, Inc., for common-law and contractual indemnification insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant CM Richey Electrical Contractors which was for summary judgment dismissing the plaintiff's cause of action alleging common-law negligence insofar as asserted against it is dismissed, as the defendants Ben Krupinski General Contractor, Inc., and Ben Krupinski Builders & Associates, Inc., are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 158-159); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and those branches of the motion of the defendant CM Richey Electrical Contractors which were for summary judgment dismissing the cross claims of the defendants Ben Krupinski General Contractor, Inc., and Ben Krupinski Builders & Associates, Inc., for contractual and common-law indemnification insofar as asserted against it are denied.
In October 2010, the plaintiff commenced this action to recover damages for personal injuries he alleged he sustained when he tripped over coiled coaxial wires while he was installing marble at a home under construction on Long Island. The plaintiff asserted causes of action alleging, among other things, common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6) against the homeowners, the general contractor, Ben Krupinski General Contractor, Inc., and [*2]Ben Krupinski Builders & Associates, Inc. (hereinafter together the Krupinski defendants), and the electrical subcontractor, CM Richey Electrical Contractors (hereinafter CM Richey). The Krupinski defendants asserted cross claims against CM Richey for, inter alia, common-law and contractual indemnification. Thereafter, the Krupinski defendants moved for summary judgment dismissing the complaint insofar as asserted against them. CM Richey also moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
In an order entered June 27, 2017 (hereinafter the June 2017 order), the Supreme Court granted those branches of the separate motions of the Krupinski defendants and CM Richey which were for summary judgment dismissing the plaintiff's Labor Law causes of action insofar as asserted against each of them, and denied that branch of the Krupinski defendants' motion which was for summary judgment dismissing the plaintiff's cause of action alleging common-law negligence insofar as asserted against them. However, the court granted those branches of CM Richey's motion which were for summary judgment dismissing the plaintiff's cause of action alleging common-law negligence insofar as asserted against it and dismissing the Krupinski defendants' cross claims for common-law and contractual indemnification insofar as asserted against it.
The Krupinski defendants are not aggrieved by so much of the June 2017 order as directed dismissal of the plaintiff's cause of action alleging common-law negligence insofar as asserted against CM Richey. "[A] person is aggrieved [within the meaning of CPLR 5511] when he or she asks for relief but that relief is denied in whole or in part[, or] when someone asks for relief against him or her, which the person oppose[d], and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis omitted]). Accordingly, the appeal from so much of the June 2017 order as granted that branch of CM Richey's motion which was for summary judgment dismissing the plaintiff's cause of action alleging common-law negligence insofar as asserted against CM Richey is dismissed (see Matter of Allstate Ins. Co. v Dewar, 186 AD3d 826, 827).
The Supreme Court should have denied that branch of CM Richey's motion which was for summary judgment dismissing the Krupinski defendants' cross claim against it for contractual indemnification. The right to contractual indemnification depends upon the specific language of the contract (see Bleich v Metropolitan Mgt., LLC, 132 AD3d 933, 934). Here, the contract between the Krupinski defendants and CM Richey provided that CM Richey would, inter alia, indemnify the Krupinski defendants "against any claims, damages, losses and expenses including legal fees, arising out of or resulting from performance of sub-contracted work to the extent caused in whole or in part by [CM Richey] or anyone directly or indirectly employed by [CM Richey]." CM Richey failed to demonstrate its prima facie entitlement to judgment as a matter of law because it failed to show that there are no triable issues of fact as to whether the plaintiff's accident was caused in whole or in part by the performance of CM Richey's work (see e.g. Gatto v Coinmach Corp., 172 AD3d 1176, 1179; State of New York v Defoe Corp., 149 AD3d 889, 890).
The Supreme Court also should have denied that branch of CM Richey's motion which was for summary judgment dismissing the Krupinski defendants' cross claims for common-law indemnification insofar as asserted against it. In order to establish its entitlement to judgment as a matter of law dismissing a cause of action for common-law indemnification asserted against it, CM Richey was required to show that "it was not negligent, and that it did not have the authority to direct, supervise, or control the work giving rise to the injury" (Uddin v A.T.A. Constr. Corp., 164 AD3d 1402, 1404 [internal quotation marks omitted]; State of New York v Defoe Corp., 149 AD3d at 889). Since CM Richey did not establish, prima facie, that it lacked the authority to direct, supervise, or control the work giving rise to the plaintiff's accident, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, those branches of CM Richey's motion which were for summary judgment dismissing the Krupinski defendants' cross claims for contractual and common-law indemnification should have been denied.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court