Youngwall v Youngwall (2021 NY Slip Op 02334)





Youngwall v Youngwall


2021 NY Slip Op 02334


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-00327
 (Index No. 201396/17)

[*1]Perry K. Youngwall, respondent,
v
Christine Youngwall, defendant; Advocate, LLP, nonparty-appellant.


Advocate, LLP, New York, NY (Jason A. Advocate of counsel), nonparty-appellant pro se.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Samuel J. Ferrara and Daniel H. Smith of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, nonparty Advocate, LLP, appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated November 15, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was for an award of interim counsel fees in the sum of $350,000 only to the extent of awarding her such fees in the sum of $35,000.
ORDERED that the appeal is dismissed, with costs to the plaintiff payable by the nonparty-appellant (see CPLR 5511).
In this action for a divorce and ancillary relief, the defendant moved, inter alia, for an award of interim counsel fees in the sum of $350,000. The Supreme Court granted that branch of the motion only to the extent of awarding her such fees in the sum of $35,000, payable to the nonparty Advocate, LLP. Advocate, LLP, appeals, asserting that because the defendant was the nonmonied spouse, she was entitled to an award of $350,000.
"[A] person is aggrieved [within the meaning of CPLR 5511] when he or she asks for relief but that relief is denied in whole or in part," or "when someone asks for relief against him or her, which the person oppose[d], and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157; see Nugra v Aramalla, 191 AD3d 683). Here, while the interim counsel fees awarded to the defendant on her motion were made payable to Advocate, LLC, it did not seek any relief in the Supreme Court that was denied in whole or in part. Accordingly, Advocate, LLC, is not aggrieved by the order, and the appeal must therefore be dismissed (see CPLR 5511; Nugra v Aramalla, 191 AD3d 683; cf. Day v Syosset Cent. Sch. Dist., 105 AD3d 888, 888-889).
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court