■ In the Matter of PETER H. DAVIDSON et al., Appellants, v O. ALDON JAMES, JR., et al., Respondents.—Order and Judgment (one paper), Supreme Court, New York County (Diane Lebedeff, J.), entered on February 26, 1990, which dismissed the petition, unanimously affirmed, without costs.

Petitioners, former members of the Board of Governors of respondent National Arts Club, Inc. ("NAC") commenced the underlying special proceeding pursuant to section 618 of the Not-For-Profit Corporation Law seeking, *inter alia,* to set aside the May 2, 1989 election of respondents Joan Brandt and

Chen Chi as directors of respondent NAC; to vacate the May 2, 1989 election of all directors and officers as illegal, null and void; to declare a new election of the Board, and to restore the petitioners to their former positions as directors of respondent NAC.

The IAS court properly determined that the Board of Governors of respondent NAC had the inherent power to remove the petitioners for cause, where the petitioners' commencement of personal injury actions against respondent NAC and searching its records for confidential information as to the nature and extent of insurance coverage, was in breach of their fiduciary obligations to NAC as members of its Board of Governors, and contrary to the interest of the organization. *(Matter of Grace v Grace Inst.,* 19 NY2d 307, 313; Not-For-Profit Corporation Law § 706 [a].)

Petitioners have failed to make a showing warranting court intervention into the internal affairs of respondent NAC pursuant to section 618 of the Not-For-Profit Corporation Law where there is no indication that the petitioners' removal was tainted by fraud or other wrongdoing *(Matter of Scipioni v Young Womens Christian Assn.,* 105 AD2d 1113). Concur— Murphy, P. J., Carro, Kupferman and Smith, JJ.