■ In the Matter of ANTONINO PARISI, Appellant, v NEW YORK COUNTY MEDICAL SOCIETY, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered April 3, 1991, which denied petitioner's

application pursuant to CPLR article 78 to vacate respondent's rejection of his nominating petition, unanimously affirmed, without costs.

Petitioner, a physician, is a member of respondent medical society, a private, not-for-profit membership corporation. Under respondent's bylaws, a member who desires to become its president must be nominated for, and then elected to, the position of president-elect. The president-elect then automatically becomes the president one year after election, at the close of respondent's annual meeting. Petitioner submitted a nominating petition in timely fashion, but because his covering letter stated that his intention was to run for the position of president, rather than president-elect, respondent's Election Committee rejected the petition on the ground that respondent's bylaws do not provide for an election to the office of president. Petitioner claims that his petition was entitled to be read consistently with the bylaws and interpreted as if it stated that his intention was to run for the position of president-elect.

Respondent's determination was rationally based upon the unambiguous language of the bylaws, and, as such, cannot be disturbed by judicial review *(Matter of Clancy-Cullen Stor. Co. v Board of Elections,* 98 AD2d 635). Furthermore, election procedures for not-for-profit corporations are not to be disturbed absent a showing that an election was tainted by fraud or wrongdoing *(Matter of Davidson v James,* 172 AD2d 323, 324). Here, there is no evidence of fraud or wrongdoing. Respondent was merely insisting upon literal adherence to its bylaws. Concur—Milonas J. P., Ellerin, Kupferman and Asch, JJ.