■ THOMAS J. KEOGH et al., Appellants, v NEIL CONNOLLY et al., Respondents, et al., Defendant. [652 NYS2d 34] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered March 23, 1995, after a nonjury trial, *inter alia*, declaring that so long as the Department of Housing and Urban Development holds or insures a mortgage on the properties of plaintiff Grand Street Corporations, the pastor of the Church of St. Mary shall have the authority and responsibility of appointing the directors of the Grand Street Corporations, directing plaintiffs to cease and desist from holding themselves out as directors of the Grand Street Corporations, and declaring that defendants Neil Connolly, Edward Byrne, Kevin Cronin, Kevin O'Brien and Shawn De Munnick are the lawful directors of the board of the Grand Street Corporations, unanimously affirmed, without costs.

A fair interpretation of the evidence supports the trial court's finding that the 1971 by-law provision giving the Church of St. Mary the right to "endorse" or "withdraw endorsement" of the directors of the three subject private not-for-profit corporations was properly adopted by the Corporations and was valid (*see, Richstone v Q-Med, Inc.,* 186 AD2d 354; *Soam Corp. v Trane Co.,* 202 AD2d 162, 163, *lv denied* 83 NY2d 758). Any attempt to amend or adopt by-laws in a manner that violates the certificate of incorporation of a not-for-profit corporation is null and void (*see,* N-PCL 602 [b], [c], [f]). Plaintiffs' numerous attempts to repudiate the right of the pastor of St. Mary's Roman Catholic Church to endorse or withdraw endorsement of the Corporations' directors were in direct violation of the 1968 Certificate of Secretary, which was made binding upon the Corporations and incorporated by reference into each of their certificates of incorporation as an instrument or undertaking "necessary to enable the companies to secure the benefits of financing with the assistance of mortgage insurance under the provisions of the National Housing Act." Plaintiffs' argument that the trial court violated the Establishment Clause of the First Amendment of the US Constitution by enforcing the 1971 by-laws is without merit (*see, Tilton v Richardson,* 403 US 672; *Hunt v McNair,* 413 US 734; *Roemer v Maryland Pub. Works Bd.,* 426 US 736). Plaintiffs' remaining arguments have been considered and also found to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin and Nardelli, JJ.