# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**620**
**CA 13-01580**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

GENERAL MOTORS, LLC, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

B.J. MUIRHEAD CO., INC., DEFENDANT-APPELLANT.

---

BLAIR & ROACH, LLP, TONAWANDA (DAVID L. ROACH OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO, NEW YORK CITY (TIMOTHY J. MCHUGH
OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered February 15, 2013.  The order denied the motion of
defendant to dismiss the complaint and granted the cross motion of
plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously
reversed on the law without costs, the cross motion is denied, the motion
is granted, and the complaint is dismissed.

Memorandum:  Plaintiff and defendant entered into an agreement, as
set forth in a purchase order, whereby defendant would provide certain
maintenance services at a plant owned and operated by plaintiff.  The
agreement provided that defendant "shall maintain insurance coverage with
carriers acceptable to [plaintiff] and in the amounts set forth in the
Special Terms," which in turn required, inter alia, that defendant obtain
insurance for "liability arising from premises."  The parties agree that
defendant obtained insurance protecting it from the specified risks.
When one of defendant's employees commenced an action against plaintiff
alleging that he was injured by a dangerous condition on the premises,
defendant's insurer declined to defend plaintiff on the ground that
plaintiff was not a named insured or otherwise covered by the policy that
the insurer issued to defendant.  Plaintiff commenced this breach of
contract action, contending that defendant failed to comply with the
contractual requirement that it obtain insurance protecting plaintiff.
 Defendant appeals from an order that, inter alia, denied its motion to
dismiss the complaint and granted plaintiff's cross motion for summary
judgment.

We agree with defendant that the agreement does not require it to
obtain insurance coverage on behalf of plaintiff, and we therefore reverse
the order and dismiss the complaint.  It is well settled that "a written
agreement that is complete, clear and unambiguous on its face must be

enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569). Furthermore, "[i]n determining whether a[n agreement] is ambiguous, the court first must determine whether the [agreement] 'on its face is reasonably susceptible of more than one interpretation'" (*Gilpin v Oswego Bldrs., Inc.*, 87 AD3d 1396, 1397, quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 573). Here, we reject plaintiff's contention that the agreement is reasonably susceptible of an interpretation requiring that defendant obtain insurance covering plaintiff. "A provision in a construction contract cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated. In addition, contract language that[, as here,] merely requires the purchase of insurance will not be read as also requiring that a contracting party be named as an additional insured" (*Trapani v 10 Arial Way Assoc.*, 301 AD2d 644, 647; *see Ramcharan v Beach 20th Realty, LLC*, 94 AD3d 964, 966-967; *cf. Timmons v Barrett Paving Materials, Inc.*, 83 AD3d 1473, 1477, *lv dismissed in part and denied in part* 17 NY3d 843). Contrary to plaintiff's contention, "although the insurance rider in this case required [defendant] to obtain insurance on the [premises], there was no requirement that [plaintiff] be named as an additional insured on the policy" (*Wagner v Ploch*, 85 AD3d 1547, 1548).

Entered:  August 8, 2014                               Frances E. Cafarell
                                                        Clerk of the Court