Alpha Phi Alpha Senior Citizens Ctr., Inc. v Zeta Zeta Lambda Co., Inc. (2020 NY Slip Op 00838)





Alpha Phi Alpha Senior Citizens Ctr., Inc. v Zeta Zeta Lambda Co., Inc.


2020 NY Slip Op 00838


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-11377
 (Index No. 710037/14)

[*1]Alpha Phi Alpha Senior Citizens Center, Inc., plaintiff-appellant, 
v
Zeta Zeta Lambda Company, Inc., et al., defendants/cross claim defendants-respondents; Kenyatta Andrews, etc., cross claim plaintiff-appellant.


McGlashan Law Firm, P.C., New York, NY (Patrick McGlashan of counsel), for plaintiff-appellant and cross claim plaintiff-appellant.
Bailey & Bailey, LLC, Springfield Gardens, NY (Lamont R. Bailey of counsel), for defendants/cross claim defendants-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff and the cross claim plaintiff appeal from an order of the Supreme Court, Queens County (Martin E. Ritholtz, J.), entered September 26, 2016. The order, insofar as appealed from, denied the motion of the plaintiff and the cross claim plaintiff, inter alia, for summary judgment on the second, fifth, and sixth causes of action and the second, fifth, and sixth cross claims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The Zeta Zeta Lambda Chapter (hereinafter the Chapter) is an alumni chapter of the Alpha Phi Alpha Fraternity. The Chapter founded the plaintiff, Alpha Phi Alpha Senior Citizens Center, Inc. (hereinafter the Senior Center). According to the complaint, in 1994, the Senior Center donated approximately $20,000 toward the purchase of a building and agreed to enter into a long-term lease as the first tenant. In exchange, the Chapter agreed to make capital contributions to the Senior Center from the rental income. The Chapter established the defendant Zeta Zeta Lambda Company, Inc. (hereinafter the Company), and entered into an agreement with the Company. The agreement provided that the Company would purchase the building, collect rent, pay expenses, and turn over the remaining funds to the Senior Center. To ensure that the Chapter would retain control of the Company's governance, the Chapter and Company agreed that three fourths of the directors of the Company would be members in good standing of the Chapter.
The Company's original 1995 certificate of incorporation stated that its purposes were "[t]o hold title to property, collect the income therefrom, and to turn over the entire amount less expenses to the [Senior Center]." The Company's March 1997 bylaws provided that its board of directors shall be composed of not less than seven, nor more than 21, individuals of whom at least three fourths shall be members in good standing of the Chapter. In June 1997, the certificate of incorporation was amended to modify the Company's name and to amend the Company's purposes. The new purposes did not expressly include turning over excess rents to the Senior Center.
In December 2006, after 11 years of renovations to the building that was purchased, the Senior Center entered into a 25-year lease with the Company for a portion of the building. In 2011 and 2012, the Company refused the Senior Center's demands for the excess rents. On February 16, 2013, the Chapter notified the Company's directors that their authority to act as directors on behalf of the Chapter on the Company's board would be terminated by February 18, 2013. The directors responded that the Chapter had no authority over the Company, and that the remittance of all excess rental income back to the tenant would be inappropriate. The Chapter expelled or suspended the directors and stopped accepting dues from them. Thereafter, on July 9, 2013, the directors amended the Company's bylaws to eliminate the requirement that at least three fourths of the directors shall be members in good standing of the Chapter.
The Senior Center commenced this action against the Company and its directors, asserting numerous causes of action based on the alleged agreements between the Chapter and the Company, including an alleged governance agreement, as well as the directors' alleged status as agents of the Chapter. The Chapter's president, Kenyatta Andrews, who was named in the complaint as a necessary party, asserted cross claims against the defendants which were identical to the causes of action in the complaint. Subsequently, the Senior Center and Andrews moved, inter alia, for summary judgment on the second, fifth, and sixth causes of action and the second, fifth, and sixth cross claims. The defendants cross-moved for summary judgment dismissing the complaint and all cross claims. In an order entered September 26, 2016, the Supreme Court denied the motion and the cross motion. The Senior Center and Andrews (hereinafter together the appellants) appeal.
Since the requirement that at least three fourths of the directors shall be members in good standing of the Chapter was not set forth in the Company's certificate of incorporation, the amendment to the bylaws to remove the requirement was permissible under N-PCL 602(f) (cf. Matter of Herbert H. Lehman Coll. Found. v Fernandez, 292 AD2d 227, 228; Keogh v Connolly, 235 AD2d 241, 241; see also Silver St. Dev. Corp. II v Park Lake Hous. Dev. Fund Corp., 8 Misc 3d 1020[A], 2004 NY Slip Op 51888[U] [Sup Ct, Nassau County]).
Contrary to the appellants' contention, the provision of the original bylaws which imposed that requirement is not enforceable by the Chapter as a contract. The bylaws of a not-for-profit corporation constitute a contract among the members of the corporation and between the members and the corporation (see Matter of George [Holstein-Friesian Assn. of Am.], 238 NY 513, 523; Procopio v Fisher, 83 AD2d 757, 758). Since the Chapter is not a member of the Company, it is not a party to the bylaws and cannot enforce the bylaws as a contract. Rather, as the Supreme Court recognized, the subject provision of the bylaws is merely evidence of the alleged governance agreement. While the appellants also submitted evidence that the provision was added to the bylaws as a means of ensuring Chapter control of the Company, the failure to organize the Company so as to ensure Chapter control over director qualifications and removal raises triable issues of fact as to the existence and terms of the alleged governance agreement.
Accordingly, we agree with the Supreme Court's determination that the appellants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law on the issue of liability on the second cause of action and the second cross claim, which alleged breach of the governance agreement (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Tulino v Pipa, 162 AD3d 709, 710). For the same reasons, the appellants also failed to establish, prima facie, that the directors served as agents of the Chapter. Thus, we agree with the court's determination that the appellants were not entitled to summary judgment on the fifth and sixth causes of action and the fifth and sixth cross claims.
Contrary to the appellants' contention, the provision of the original certificate of incorporation which stated that the Company's purpose was to turn over excess rents to the Senior Center is not enforceable by the Senior Center as a third-party beneficiary agreement. "A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost'" (State of Cal. Pub. Employees' [*2]Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435, quoting Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336). Here, the subject provision was not a valid and binding contract between the Chapter and the Company. Rather, the provision was merely evidence of an alleged third-party beneficiary agreement, and the record revealed triable issues of fact as to the existence and terms of this alleged agreement (see Tulino v Pipa, 162 AD3d at 710). Accordingly, we disagree with the appellants' contention that this Court should search the record and award summary judgment on the issue of liability on the first cause of action and the first cross claim, which sought to recover damages for breach of this alleged agreement.
We also decline the appellants' request to search the record and award summary judgment on any of the remaining causes of action or cross claims. The remaining causes of action and cross claims all depend on the existence of the alleged governance agreement, the alleged agreement to pay excess rents to the Senior Center, or the directors' alleged status as agents of the Chapter, and there are triable issues of fact as to these issues.
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of the foregoing.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court