Velasquez v Mosdos Meharam Brisk of Tashnad (2020 NY Slip Op 08101)





Velasquez v Mosdos Meharam Brisk of Tashnad


2020 NY Slip Op 08101


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-12120
 (Index No. 7590/15)

[*1]Carlos Velasquez, plaintiff, 
v
Mosdos Meharam Brisk of Tashnad, et al., defendants/third-party plaintiffs-respondents; Active Fire Protection, Inc., third-party defendant-appellant (and a fourth-party action).


Kaufman Dolowich & Voluck, LLP, Woodbury, NY (Matthew J. Minero of counsel), for third-party defendant-appellant.
Baxter Smith & Shapiro, P.C., White Plains, NY (Sim R. Shapiro of counsel), for defendants/third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated August 20, 2019. The order denied the motion of the third-party defendant, inter alia, to vacate an order of the same court dated May 29, 2019, granting the motion of the defendants/third-party plaintiffs for leave to reargue their prior motion for summary judgment on the third-party cause of action for contractual indemnification, and, upon reargument, in effect, vacating so much of a prior order of the same court dated December 10, 2018, as denied the prior motion of the defendants/third-party plaintiffs for summary judgment on the third-party cause of action for contractual indemnification and, thereupon, granted the prior motion.
ORDERED that the order dated August 20, 2019, is reversed, on the law and the facts, with costs, the motion of the third-party defendant is granted, the order dated May 29, 2019, is vacated, and the defendants/third-party plaintiffs' motion for leave to reargue their prior motion for summary judgment on the third-party cause of action for contractual indemnification is denied.
In October 2015, the plaintiff, an employee of the third-party defendant, Active Fire Protection, Inc. (hereinafter AFP), commenced this action against the defendants/third-party plaintiffs, Mosdos Meharam Brisk of Tashnad (hereinafter Mosdos) and J.B. Enterprises, LLC (hereinafter JBE), for injuries the plaintiff alleged he sustained when he was working at a construction site owned by Mosdos. According to the plaintiff, JBE was hired by Mosdos to construct a residential building at the site and JBE hired AFP to install fire sprinklers in the building. The plaintiff alleged that he was working for AFP in the building when he fell through an uncovered opening in the floor where a staircase was to be built.
Mosdos and JBE thereafter commenced a third-party action against AFP asserting, inter alia, a cause of action for contractual indemnification. Mosdos and JBE alleged that JBE and [*2]AFP had entered into an agreement regarding the work at the site and that the agreement included provisions for indemnification and insurance which required AFP to insure and indemnify both Mosdos and JBE for any damages they might be liable for with respect to the plaintiff's alleged injuries.
As is relevant to this appeal, Mosdos and JBE moved for summary judgment on the third-party cause of action for contractual indemnification, which the Supreme Court denied in an order dated December 10, 2018 (hereinafter the December 2018 order). Mosdos and JBE then moved for leave to reargue their motion for summary judgment. In an order dated May 29, 2019 (hereinafter the May 2019 order), the court granted the unopposed motion and, upon reargument, in effect, vacated so much of the December 2018 order as denied the motion for summary judgment, and thereupon granted the motion.
Thereafter, AFP moved to vacate the May 2019 order issued upon its default, and to thereupon deny the motion of Mosdos and JBE for leave to reargue. In an order dated August 20, 2019, the Supreme Court, denied AFP's motion. AFP appeals.
A party seeking to vacate an order entered upon its default must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Ferreira v Singh, 176 AD3d 782, 783-784; Santos v Penske Truck Leasing Co., 105 AD3d 1029, 1029-1030). Here, on appeal, Mosdos and JBE do not dispute AFP's contention that it proffered a reasonable excuse for its failure to oppose their motion for leave to reargue. In addition, contrary to the determination of the Supreme Court, AFP established a potentially meritorious opposition to the motion of Mosdos and JBE for leave to reargue by showing that there was no basis for reargument pursuant to CPLR 2221(d), as Mosdos and JBE failed to show that the court had overlooked or misapprehended the facts or law when it denied their motion for summary judgment in the December 2018 order (see Williams v Abiomed, Inc., 173 AD3d 1115, 1118; Capstone Bus. Credit, LLC v Imperia Family Realty, LLC, 70 AD3d 882, 884).
Indeed, we agree with the Supreme Court's determination in the December 2018 order that Mosodos and JBE failed to establish their prima facie entitlement to judgment as a matter of law on the third-party cause of action for contractual indemnification. "'A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost'" (Alpha Phi Alpha Senior Citizens Ctr., Inc. v Zeta Zeta Lambda Co., Inc., 180 AD3d 630, 633, quoting State of Cal. Pub. Employees'Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [internal quotation marks omitted]). Here, although the plain language of the agreement requires AFP to indemnify the "Owner and/or Contractor," the agreement identifies JBE as the "Owner/Contractor" and Mosdos is not referenced anywhere in the agreement. Further, the plain language of the agreement and the circumstances surrounding that agreement raised triable issues of fact as to whether the agreement was intended to benefit Mosdos as the owner of the site (see Alpha Phi Alpha Senior Citizens Ctr., Inc. v Zeta Zeta Lambda Co., Inc., 180 AD3d at 633; see also Nassau County v New York State Urban Dev. Corp., 157 AD3d 805, 807). Therefore, the court should have denied that branch of the motion of Mosdos and JBE which was for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted by Mosdos.
Mosdos and JBE also failed to establish that JBE was entitled to summary judgment on the third-party cause action for contractual indemnification. "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1047-1048 [internal quotation marks omitted]; see Nealy v Pavarini-McGovern, LLC, 135 AD3d 917, 920). Here, Mosdos and JBE submitted, inter alia, the transcript of the deposition testimony of JBE's principal, wherein he testified that JBE had hired Jist Construction, LLC (hereinafter Jist), to perform carpentry and framing work at the building at issue and that Jist created the uncovered hole in the floor at issue and was responsible for covering it. [*3]Mosdos and JBE failed, however, to establish, prima facie, that JBE did not exercise supervision and control over Jist's work, including providing adequate covering and protection for the hole (see Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1448; Daeira v Genting N.Y., LLC, 173 AD3d 831, 836).
Accordingly, the Supreme Court should have vacated the May 2019 order, and, upon such vacatur, denied the motion of Mosdos and JBE for leave to reargue their motion for summary judgment on the third-party contractual indemnification cause of action.
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court