Matter of Striltschuk v Hryckowian (2021 NY Slip Op 05800)





Matter of Striltschuk v Hryckowian


2021 NY Slip Op 05800


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 160063/19 Appeal No. 14459 Case No. 2021-00213 

[*1]In the Matter of Dr. Alexander Striltschuk, et al., Petitioner-Appellant,
v
Mykola Hryckowian et al., Defendants-Respondents. Organization for the Defense of four Freedoms for Ukraine, Inc., Nominal Respondent.


Certilman Balin Adler & Hyman, LLP, East Meadow (Christopher Dooley of counsel), for appellants.
Arnold E. DiJoseph P.C., New York (Arnold E. DiJoseph III of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 15, 2021, which, insofar as appealed from, denied petitioners' motions for injunctive and declaratory relief, denied the petition, and dismissed the proceeding commenced pursuant to N-PCL 618 to invalidate an election of directors, officers and committee members of the Organization for the Defense of Four Freedoms for Ukraine, Inc. (the Organization), unanimously affirmed, without costs.
Petitioners failed to show fraud or wrongdoing in the election they seek to invalidate (see Matter of Parisi v New York County Med. Socy., 177 AD2d 369 [1st Dept 1991]). They argue that the election violated the Organization's bylaws, but they did not submit the bylaws in properly authenticated, admissible form (see CPLR 4518[a]; Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden, 169 AD3d 569 [1st Dept 2019]). They contend that the supporting affidavits by the Organization's purported president and board member authenticated the bylaws they submitted, but the case on which they rely only highlights the shortcomings of their submissions (see Cohen v CASSM Realty Corp., 54 Misc 3d 256 [Sup Ct, NY County 2016]). In Cohen, the authenticity of a cooperative's bylaws was attested to by the plaintiff, who was the former secretary of the cooperative board, and had signed the bylaws herself, and the defendants presented no contrary bylaws in effect during the relevant period. In contrast, here the affidavits attesting to petitioners' submitted version of the Organization's bylaws are conclusory and respondents submitted a competing version of the bylaws. Moreover, the petitioners' purported bylaws document is unsigned, undated, and unpaginated, contains typos and other irregularities, and bears no indications of being a formal corporate document or any other indicia of reliability.
We have considered petitioners' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021