Corter-Longwell v Juliano (2021 NY Slip Op 07354)





Corter-Longwell v Juliano


2021 NY Slip Op 07354


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


710 CA 20-01061

[*1]MICHALLA CORTER-LONGWELL, AS ADMINISTRATRIX OF THE ESTATE OF JAMES L. CORTER, PLAINTIFF,
v
ROBERT S. JULIANO, JR., ET AL., DEFENDANTS.
--
POCONO LOGISTIC, INC., THIRD-PARTY PLAINTIFF-RESPONDENT,SENECA MEADOWS, INC., THIRD-PARTY DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






GOLDBERG SEGALLA LLP, GARDEN CITY (FRANK S. ROSENFIELD OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT. 
SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (DAVID M. KATZ OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered November 22, 2019. The order denied the motion of the third-party defendant for summary judgment and granted the cross motion of third-party plaintiff for summary judgment dismissing the breach of contract counterclaims. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion and reinstating the counterclaims and as modified the order is affirmed without costs.
Memorandum: Third-party defendant Seneca Meadows, Inc. (Seneca) operated a landfill to which third-party plaintiff Pocono Logistic, Inc. (Pocono) transported trailers of waste pursuant to its written agreement with Seneca's parent company. Plaintiff, as administratrix of the estate of James L. Corter (decedent), commenced this action seeking damages for the wrongful death and conscious pain and suffering of decedent, who was killed during the course of his employment with Seneca when defendant Robert S. Juliano, Jr., a vehicle operator employed by a subcontractor of Pocono, backed a trailer onto landfill equipment on which decedent was present. Pocono thereafter commenced a third-party action against Seneca seeking, inter alia, common-law indemnification. Seneca answered and asserted counterclaims seeking, inter alia, contractual indemnification from Pocono.
Seneca subsequently moved for summary judgment in its favor and dismissing the third-party complaint, asserting that, as a matter of law, Pocono breached a duty to Seneca as a third-party beneficiary under the agreement to procure specified insurance coverage naming Seneca as an additional insured and, in the event of such a breach, Pocono was required under the agreement to indemnify Seneca. Pocono cross-moved for summary judgment dismissing Seneca's counterclaims for breach of contract, asserting that, as a matter of law, it did not breach the insurance procurement provision of the agreement because that provision did not require that it name Seneca as an additional insured.
In appeal No. 1, Seneca appeals from an order that denied its motion and granted [*2]Pocono's cross motion. In appeal No. 2, Seneca appeals from an order that denied its motion seeking leave to reargue its motion for summary judgment. As a preliminary matter, we dismiss Seneca's appeal from the order in appeal No. 2 inasmuch as the order denying the motion for leave to reargue is not appealable (see Page v Niagara Falls Mem. Med. Ctr., 141 AD3d 1084, 1084-1085 [4th Dept 2016]; Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]). With respect to appeal No. 1, although we reject Seneca's contention that the court erred in denying its motion, we agree with Seneca for the reasons that follow that Supreme Court erred in granting Pocono's cross motion. We therefore modify the order accordingly.
Initially, contrary to the court's determination and Pocono's contention, we conclude on this record that Seneca's assertion of third-party beneficiary status under the agreement was properly before the court on Seneca's motion (see D & M Concrete, Inc. v Wegmans Food Mkts., Inc., 133 AD3d 1329, 1330-1331 [4th Dept 2015], lv denied 27 NY3d 901 [2016]; Boyle v Marsh & McLennan Cos., Inc., 50 AD3d 1587, 1588 [4th Dept 2008], lv denied 11 NY3d 705 [2008]). With respect to the merits of Seneca's assertion, "[a third] party asserting rights as a third-party beneficiary must establish '(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [the third party's] benefit and (3) that the benefit to [the third party] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [the third party] if the benefit is lost' " (State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000], quoting Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336 [1983]; see DeLine v CitiCapital Commercial Corp., 24 AD3d 1309, 1311 [4th Dept 2005]). A third party is "an intended beneficiary, rather than merely an incidental beneficiary, when the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance" (DeLine, 24 AD3d at 1311 [internal quotation marks omitted]).
Here, regarding the first element, it is now undisputed that the agreement is a valid and binding contract between Seneca's parent company and Pocono. With respect to the second and third elements, Seneca contends that the agreement was intended for its benefit and that such benefit was immediate because the agreement required that Pocono procure insurance in favor of Seneca as an additional insured. In that regard, " '[a] party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with' " (DiBuono v Abbey, LLC, 83 AD3d 650, 652 [2d Dept 2011]). Similarly, a party seeking summary judgment dismissing a claim that it failed to procure insurance may demonstrate its entitlement to judgment as a matter of law by establishing that it was not contractually obligated to name the claiming entity as an additional insured based on the language of the subject agreement (see Uddin v A.T.A. Constr. Corp., 164 AD3d 1402, 1405 [2d Dept 2018]; Ramcharan v Beach 20th Realty, LLC, 94 AD3d 964, 967 [2d Dept 2012]).
We conclude that neither party met its initial burden on its motion inasmuch as the agreement is ambiguous with respect to whether Pocono was obligated to name Seneca as an additional insured on the insurance policies required by the agreement (see M & M Realty of N.Y., LLC v Burlington Ins. Co., 170 AD3d 407, 407-408 [1st Dept 2019], lv denied 35 NY3d 901 [2020]). An agreement "is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009]). Thus, " 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (id., quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). "A[n agreement] is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (Greenfield, 98 NY2d at 569). Conversely, ambiguity in an agreement arises "when specific language is 'susceptible of two reasonable interpretations' " (Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]; see Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]; Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]). "Whether an agreement is ambiguous is a question of law for the courts" (Kass v Kass, 91 NY2d 554, 566 [1998]; see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404 [2009]) and, consequently, a court may conclude that an agreement is ambiguous even if the parties contend otherwise (see NFL Enters. LLC v Comcast Cable Communications, LLC, 51 AD3d 52, 58 [1st Dept 2008]). With respect to the type of agreement at issue here, "[a] provision in a . . . contract cannot be interpreted as requiring [*3]the procurement of additional insured coverage unless such a requirement is expressly and specifically stated. In addition, contract language that merely requires the purchase of insurance will not be read as also requiring that a . . . party be named as an additional insured" (Trapani v 10 Arial Way Assoc., 301 AD2d 644, 647 [2d Dept 2003]; see Clavin v CAP Equip. Leasing Corp., 156 AD3d 404, 405 [1st Dept 2017]; General Motors, LLC v B.J. Muirhead Co., Inc., 120 AD3d 927, 928-929 [4th Dept 2014]).
Here, as noted by the court and Pocono, the specific insurance procurement paragraphs in Section 14 of the agreement—i.e., (a) (i), (a) (ii), (a) (iii), and the stand-alone excess coverage paragraph—do not mention any obligation for Pocono to name Seneca as an additional insured. Indeed, the paragraphs requiring Pocono and its subcontractors to obtain employers' liability and workers' compensation insurance, as well as an excess policy, make no reference to additional insureds. The paragraphs requiring Pocono and its subcontractors to obtain comprehensive commercial general liability and automobile liability insurance specify only that Seneca's parent company, not Seneca the subsidiary (see generally Connecticut Gen. Life Ins. Co. v Superintendent of Ins. of State of N.Y., 10 NY2d 42, 50 [1961]), must be added as an additional insured on those policies pursuant to specified forms. Thus, none of the abovementioned paragraphs contains express and specific language requiring that Pocono name Seneca as an additional insured on the subject policies and, as stated previously, contract language that merely requires the purchase of insurance cannot be read as also requiring that a party be named as an additional insured (see e.g. General Motors, 120 AD3d at 928-929).
As Seneca notes, however, the fourth paragraph in Section 14 of the agreement—i.e., (a) (iv)—provides that Pocono and its subcontractors "shall provide certificates of insurance naming [Seneca's parent company] and Seneca . . . as an [sic] additional insured prior to the performance of any of its obligations under" the agreement. That broad sentence—which mentions certificates for both Seneca's parent company and Seneca, places no limitation on the policies to which it refers, and is included among other sentences that apply to "[e]ach policy of insurance" (see generally Black's Law Dictionary [11th ed 2019], noscitur a sociis)—may reasonably be interpreted as applying to all of the policies that Pocono was required to obtain pursuant to the preceding paragraphs. The case before us is not one in which a plain reading of the subject agreement reveals an utter lack of language requiring that a particular entity be named as an additional insured (cf. e.g. Ramcharan, 94 AD3d at 967); instead, the record demonstrates the existence of other language in the agreement indicating that Pocono may have been required to name Seneca as an additional insured (cf. Clavin, 156 AD3d at 405). We note that Pocono even acknowledged in its moving papers that the import of the certificates of insurance language was "unclear" and that the agreement was "at least ambiguous" regarding whether Pocono was required to obtain insurance for Seneca. We thus conclude that the language of the agreement is ambiguous and "raise[s] an issue of fact as to the intent of the parties concerning which entities should be included as additional insureds" (Insurance Corp. of N.Y. v Central Mut. Ins. Co., 47 AD3d 469, 472 [1st Dept 2008]; see M & M Realty of N.Y., 170 AD3d at 407-408).
The court and Pocono nonetheless attempt to dismiss the impact of the paragraph requiring that Pocono name Seneca as an additional insured, arguing that providing a certificate of insurance is not the same as procuring that insurance (see Landsman Dev. Corp. v RLI Ins. Co., 149 AD3d 1489, 1490 [4th Dept 2017]). In essence, the court and Pocono assert that the reference to certificates of insurance in the agreement is meaningless. We reject that assertion. First, as a matter of general principle, "a contract must be read as a whole to give effect and meaning to every term . . . Indeed, '[a] contract should be interpreted in a way [that] reconciles all [of] its provisions, if possible' " (New York State Thruway Auth. v KTA-Tator Eng'g Servs., P.C., 78 AD3d 1566, 1567 [4th Dept 2010]; see RLI Ins. Co. v Smiedala, 96 AD3d 1409, 1411 [4th Dept 2012]). Therefore, "[e]ffect and meaning must be given to every term of the contract . . . , and reasonable effort must be made to harmonize all of its terms" (Village of Hamburg v American Ref-Fuel Co. of Niagara, 284 AD2d 85, 89 [4th Dept 2001], lv denied 97 NY2d 603 [2001] [internal quotation marks omitted]; see Matter of El-Roh Realty Corp., 74 AD3d 1796, 1799 [4th Dept 2010]). Second, with respect to the specific language here, although it is true that a certificate of insurance, by itself, does not confer coverage (see Landsman Dev. Corp., 149 AD3d at 1490), that undisputed principle is not the focus of our inquiry. Instead, the question before us is whether the inclusion of the language in the agreement requiring certificates of insurance evinced an intent by the parties to have Pocono obtain the required policies and then ultimately name Seneca as an additional insured. In that regard, we conclude that the inclusion [*4]of such language raises an issue of fact and represents an unresolved ambiguity regarding intent because, "[a]lthough [i]t is well established that a certificate of insurance, by itself, does not confer insurance coverage, such a certificate is evidence of a carrier's intent to provide coverage" (Hunt v Ciminelli-Cowper Co., Inc., 93 AD3d 1152, 1156 [4th Dept 2012] [internal quotation marks omitted]). In other words, by agreeing to language in the agreement that it would provide certificates of insurance to Seneca's parent company and Seneca naming both of those entities as additional insureds prior to the performance of any obligations under the agreement, Pocono at minimum indicated its intent to have insurance coverage provided to Seneca.
Given the unresolved ambiguity in the agreement regarding whether Pocono was required to name Seneca as an additional insured under the required policies of insurance, we conclude that Seneca is not entitled to summary judgment on its motion asserting that, as a matter of law, Pocono breached a duty to Seneca as a third-party beneficiary under the agreement to procure specified insurance coverage naming Seneca as an additional insured, and Pocono is not entitled to summary judgment on its cross motion asserting that, as a matter of law, it did not breach the insurance procurement provision of the agreement.
Finally, Seneca contends that the court should have granted the motion insofar as it sought summary judgment on Seneca's counterclaims for contractual indemnification. We reject that contention. In support of its motion Seneca raised one—and only one—ground upon which it was purportedly entitled to contractual indemnification from Pocono: the indemnification provision contemplated that, in the event of a breach of the agreement, the breaching party (i.e., Pocono) was required to defend, indemnify, and hold harmless Seneca, and here Pocono breached the agreement by failing to ensure that Seneca was named as an additional insured. For the reasons previously discussed, there is an unresolved ambiguity in the agreement regarding whether Pocono was required to procure insurance in favor of Seneca and, thus, Seneca failed to establish as a matter of law that Pocono breached the agreement in a manner that would, as asserted by Seneca in support of its motion, trigger the indemnification provision (see e.g. Velasquez v Mosdos Meharam Brisk of Tashnad, 189 AD3d 1655, 1657 [2d Dept 2020]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court