Matter of Striltschuk v Hryckowian (2022 NY Slip Op 00833)





Matter of Striltschuk v Hryckowian


2022 NY Slip Op 00833


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 160063/19 Appeal No. 14459 Case No. 2021-00213 

[*1]In the Matter of Dr. Alexander Striltschuk, et al., Petitioners-Appellants,
v
Mykola Hryckowian et al., Respondents-Respondents. Organization for the Defense of Four Freedoms for Ukraine, Inc., Nominal Respondent.


Certilman Balin Adler & Hyman, LLP, East Meadow (Christopher Dooley of counsel), for appellants.
Arnold E. DiJoseph P.C., New York (Arnold E. DiJoseph III of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 15, 2021, which, insofar as appealed from, denied petitioners' motions for injunctive and declaratory relief, denied the petition, and dismissed the proceeding commenced pursuant to N-PCL 618 to invalidate an election of directors, officers and committee members of the Organization for the Defense of Four Freedoms for Ukraine, Inc. (the Organization), unanimously affirmed, without costs.
Petitioners failed to show fraud or wrongdoing in the election they seek to invalidate (see Matter of Parisi v New York County Med. Socy., 177 AD2d 369 [1st Dept 1991]). They argue that the election violated the Organization's bylaws, but they failed to submit the bylaws in properly authenticated form (see Paz v Singer Co., 151 AD2d 234, 235 [1st Dept 1989] ["It is black letter law that the burden of proving the existence, terms, and validity of a contract rests on the party seeking to enforce it"]; see also Alpha Phi Alpha Senior Citizens Ctr., Inc. v Zeta Zeta Lambda Co., Inc., 180 AD3d 630, 632 [2d Dept 2020], lv dismissed, 36 NY3d 955 [2020] ["bylaws of a not-for-profit corporation constitute a contract among the members of the corporation and between the members and the corporation"]).
Petitioners contend that the supporting affidavits by the Organization's purported president and board member authenticated the bylaws they submitted, but the case on which they rely only highlights the shortcomings of their submissions (see Cohen v CASSM Realty Corp., 54 Misc 3d 256 [Sup Ct, NY County 2016]). In Cohen, the authenticity of a cooperative's bylaws was attested to by the plaintiff, who was the former secretary of the cooperative board, and had signed the bylaws herself, and the defendants presented no contrary bylaws in effect during the relevant period. In contrast, here the affidavits attesting to petitioners' submitted version of the Organization's bylaws are conclusory and respondents submitted a competing version of the bylaws. Moreover, the petitioners' purported bylaws document is unsigned, undated, and unpaginated, contains typos and other irregularities, and bears no indications of being a formal corporate document or any other indicia of reliability (cf. Church of St. Stanislaus v Algemeine Verein, 31 App Div 133, 136 [1st Dept 1898], affd 164 NY 606 [1900]).
Petitioners accordingly fall short of meeting their burden under N-PCL 618 of making a "clear showing" that judicial "interfere[nce] in the internal affairs of [the] corporation . . . is . . . warrant[ed]" (Nyitray v New York Athletic Club of City of NY, 195 AD2d 291 [1st Dept 1993]).
We have considered petitioners' remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on October 21, 2021 is hereby recalled and vacated (see M 2021-3960 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: February 8, 2022