Velazquez v Mosdos Meharam Brisk of Tashnad (2025 NY Slip Op 00346)

Velazquez v Mosdos Meharam Brisk of Tashnad

2025 NY Slip Op 00346

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-05670
 (Index No. 7590/15)

[*1]Carlos Velazquez, plaintiff, 
v
Mosdos Meharam Brisk of Tashnad, et al., defendants third-party plaintiffs-appellants; Active Fire Protection, Inc., third-party defendant-respondent (and a fourth-party action).

Strikowsky Drachman & Shapiro, New York, NY (Sim R. Shapiro of counsel), for defendants third-party plaintiffs-appellants.
Bartlett, LLP, Central Islip, NY (Matthew J. Minero of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 21, 2022. The order granted the motion of the third-party defendant to restore the action to the trial calendar and denied the cross-motion of the defendants third-party plaintiffs for summary judgment dismissing the third-party defendant's counterclaim for contribution.
ORDERED that the order is affirmed, with costs.
The underlying facts are summarized in our decision and order determining a prior appeal in this action (see Velasquez v Mosdos Meharam Brisk of Tashnad, 189 AD3d 1655, 1656). The defendants third-party plaintiffs commenced a third-party action against the third-party defendant, Active Fire Protection, Inc. (hereinafter AFP). AFP answered and asserted counterclaims against the defendants third-party plaintiffs for contribution and common law indemnification. In an order dated December 10, 2018, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) against the defendants third-party plaintiffs. In an order dated May 29, 2019, the court, upon reargument, among other things, granted the defendants third-party plaintiffs' motion for summary judgment on the third-party cause of action for contractual indemnification against AFP (hereinafter the May 2019 order). On January 13, 2020, the parties entered into a stipulation of settlement in open court, inter alia, settling the plaintiff's claims. In a decision and order dated December 30, 2020, this Court, among other things, reversed an order of the Supreme Court dated August 20, 2019, denying AFP's motion to vacate the May 2019 order, and denied the defendants third-party plaintiffs' motion for summary judgment on the third-party cause of action for contractual indemnification (see Velasquez v Mosdos Meharam Brisk of Tashnad, 189 AD3d at 1656). AFP thereafter moved to restore the action to the trial calendar to determine the liability of AFP and the defendants third-party plaintiffs. The defendants third-party plaintiffs opposed AFP's motion and cross-moved for summary judgment dismissing AFP's counterclaim for contribution, contending that General Obligations Law § 15-108(c) barred the counterclaim. In an order dated June 21, 2022, the [*2]Supreme Court granted AFP's motion and denied the cross-motion. The defendants third-party plaintiffs appeal.
General Obligations Law § 15-108(c) provides that "[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person." However, General Obligations Law § 15-108 does not apply to settlements agreed upon after the adjudication of the liability of the settling tortfeasors (see State of New York v County of Sullivan, 43 NY2d 815, 816; Rock v Reed-Prentice Div. of Package Mach. Co., 39 NY2d 34, 41). Therefore, since the liability of AFP and the defendants third-party plaintiffs had been adjudicated by the Supreme Court prior to the parties' execution of the stipulation of settlement, General Obligations Law § 15-108(c) did not apply to bar AFP's counterclaim for contribution.
Moreover, even if General Obligations Law § 15-108(c) could apply in this scenario, the Supreme Court properly determined that the parties waived its application. "There is nothing in the history or purpose of the legislation to indicate that the statute was intended to be nonwaivable" (Mitchell v New York Hosp., 61 NY2d 208, 216). Since the parties agreed in the stipulation of settlement that AFP's insurer would pay the settlement in full but that AFP's appeal and the third-party litigation would continue to resolve the question of liability, it is plain that the parties did not intend for AFP to give up its claim for contribution against the defendants third-party plaintiffs.
Accordingly, the Supreme Court properly granted AFP's motion to restore the action to the trial calendar and denied the cross-motion of the defendants third-party plaintiffs for summary judgment dismissing AFP's counterclaim for contribution.
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court