■ JOHN E. FABBRICATORE, JR., an Infant, by His Father and Natural Guardian, JOHN FABBRICATORE, et al., Appellants, v LINDENHURST UNION FREE SCHOOL DISTRICT et al., Respondents. [686 NYS2d 822] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated August 28, 1996, as denied their cross motion to direct the defendant Lindenhurst Union Free School District to produce pursuant to subpoena all records pertaining to the defendant Clint Boye while a student at its school, (2) as

limited by their brief, from so much of an order of the same court dated August 28, 1996, as denied as moot the motion of the defendant Lindenhurst Union Free School District to quash a subpoena duces tecum dated February 16, 1996, (3) from an order of the same court dated August 28, 1996, which denied their motion for leave to inspect records subpoenaed from the office of the Suffolk County District Attorney or for the court to mark all records that it reviewed for identification so that they can be subject to appellate review, (4) from an order of the same court dated August 28, 1996, which granted the cross motion of the defendants Edward Boye and the Public Administrator of the estate of Winifred Boye for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, (5) from an order of the same court dated August 28, 1996, which granted the cross motion of the defendant Mary Grimm for summary judgment dismissing the complaint insofar as asserted against her, and (6) from an order of the same court dated August 28, 1996, which granted the motion of the defendant Kenneth Peacock, as executor of the estate of Judith Boye, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal from the order which denied as moot the motion of the defendant Lindenhurst Union Free School District to quash a subpoena duces tecum dated February 16, 1996, is dismissed, without costs or disbursements, as the plaintiffs are not aggrieved by the part of the order from which they appealed (*see,* CPLR 5511); and it is further,

Ordered that the order which denied the plaintiffs' cross motion to direct the defendant Lindenhurst Union Free School District to produce the school records of the defendant Clint Boye is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order which denied the plaintiffs' motion for leave to inspect the records subpoenaed from the Suffolk County District Attorney is affirmed, without costs or disbursements; and it is further,

Ordered that the order granting the cross motion of the defendants Edward Boye and the Public Administrator of the estate of Winifred Boye for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is affirmed, without costs or disbursements; and it is further,

Ordered that the order granting the cross motion of the defendant Mary Grimm for summary judgment dismissing the complaint insofar as asserted against her is affirmed, without costs or disbursements; and it is further,

Ordered that the order granting the motion of the defendant Kenneth Peacock, as executor of the estate of Judith Boye, for summary judgment dismissing the complaint insofar as asserted against it is affirmed, without costs or disbursements.

The plaintiffs purport to appeal from the order which denied as moot the motion of the defendant Lindenhurst Union Free School District (hereinafter the school district) to quash the subpoena served on it for certain records. However, this appeal must be dismissed as the plaintiffs are not aggrieved by this order, even though they do not agree with the legal basis of the ruling (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539; *Matter of Kaplan v Rohan,* 7 NY2d 884; CPLR 5511).

The Supreme Court properly denied the plaintiffs' cross motion to direct the school district to comply with a subpoena duces tecum and produce the defendant Clint Boye's school records. Generally, a subpoena duces tecum may not be used for the purpose of discovery or to ascertain the existence of evidence (*see, Matter of Terry D.,* 81 NY2d 1042, 1044; *People v Gissendanner,* 48 NY2d 543, 551). The plaintiffs sought to circumvent the prior orders of the court which prohibited discovery except on a voluntary basis by the use of subpoena. The use of a subpoena duces tecum for this purpose is improper (*see, Matter of Terry D., supra*).

The Supreme Court also properly denied the plaintiffs' motion to inspect the records subpoenaed from the office of the Suffolk County District Attorney. While the use of a subpoena duces tecum is improper to obtain discovery, the school district did not move to quash the subpoena served upon the District Attorney and did not oppose the plaintiffs' motion to inspect the records. In any event, upon review of the records by this Court, we agree with the determination of the Supreme Court that the medical records produced pursuant to the subpoena are confidential (*see,* Mental Hygiene Law § 33.13). With respect to only those school records which were provided pursuant to the subpoena served upon the Suffolk County District Attorney, we find that they are not material to the issue of whether the school district was aware of Clint Boye's vicious propensities (*see, Moores v City of Newburgh School Dist.,* 213 AD2d 527).

The plaintiffs raised no material issues of fact in evidentiary form with respect to the liability of the defendants the estate of Judith Boye, Mary Grimm, the estate of Winifred Boye, and Edward Boye (*see, Zuckerman v City of New York,* 49 NY2d 557). Thus, the Supreme Court properly granted their respective motions and cross motion for summary judgment dismiss-

ing the complaint and all cross claims insofar as asserted against them. S. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.