Matter of Hoffman & Sons Realty, Inc. v City of New York (2020 NY Slip Op 07193)





Matter of Hoffman & Sons Realty, Inc. v City of New York


2020 NY Slip Op 07193


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-04122
 (Index No. 512218/17)

[*1]In the Matter of Hoffman & Sons Realty, Inc., appellant, 
v
City of New York, et al., respondents.


Jacob Ginsburg, Esq., PLLC, Monsey, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jamison Davies and Scott Shorr of counsel), for respondents City of New York, Fidel F. Del Valle, Rick Chandler, Environmental Control Board, Office of Administrative Trials and Hearings, New York City Department of Buildings, and New York City Department of Finance.
Kenneth D. Litwack, Counselor at Law, P.C. (Law Offices of Bernard D'Orazio & Associates, P.C., New York, NY [Steven G. Yudin], of counsel), for respondent New York City Marshal Martin A. Bienstock.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to vacate judgments and stay enforcement of execution on 67 notices of violation issued by the respondent New York City Department of Buildings, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated February 15, 2018. The order and judgment, insofar as appealed from, denied those branches of the petition which concerned certain notices of violation other than notices of violation numbered 35057044R and 35190222N, dismissed those portions of the proceeding, and denied, as academic, the cross motion of the respondent New York City Marshal Martin A. Bienstock to collect poundage and fees.
ORDERED that the appeal from so much of the order and judgment as denied, as academic, the cross motion of the respondent New York City Marshal Martin A. Bienstock to collect poundage and fees is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The petitioner owns certain real property located on Meserole Street in Brooklyn. Between 2012 and 2016, the New York City Department of Buildings (hereinafter DOB) issued 67 notices of violation (hereinafter NOVs) against the properties for a variety of infractions. The DOB attempted to serve the NOVs at the subject properties, but either no one answered or the individuals present refused to accept the NOVs . Thereafter, the DOB served the NOVs using the affix and mail method. The petitioner defaulted or unsuccessfully challenged the NOVs, and civil judgments were entered against it. The judgments were referred to New York City Marshal Martin A. Bienstock (hereinafter the City Marshal), who issued notices of levy and sale as to the petitioner's accounts and [*2]personal property.
The petitioner commenced the instant proceeding, alleging, inter alia, that the DOB failed to properly serve the NOVs. The City Marshal cross-moved to collect poundage and fees. In an order and judgment dated February 15, 2018, the Supreme Court, inter alia, denied those branches of the petition which concerned certain NOVs other than NOVs numbered 35057044R and 35190222N, dismissed those portions of the proceeding, and denied the City Marshal's cross motion as academic. The petitioner appeals.
The appeal from so much of the order and judgment as denied, as academic, the City Marshal's cross motion to collect poundage and fees must be dismissed, as the petitioner is not aggrieved by that portion of the order and judgment (see CPLR 5511; Fabbricatore v Lindenhurst Union Free School Dist., 259 AD2d 656).
"New York City Charter § 1049-a(d)(2) permits the use of affix and mail service of [NOVs] issued by [DOB] inspectors who discover building code violations, but only after there has been 'a reasonable attempt' to deliver the notice 'to a person in such premises upon whom service may be made as provided for by article three of the civil practice law and rules or article three of the business corporation law' (see NY City Charter § 1049-a [d][2][b])" (Matter of Mestecky v City of New York, 30 NY3d 239, 241-242). The petitioner contends that the DOB failed to properly serve the NOVs at issue because it did not make a single reasonable service attempt before resorting to affix and mail service. Contrary to the petitioner's contention, the affidavits of service establish that the DOB made the reasonable service attempts necessary to permit affix and mail service (see Matter of Mestecky v City of New York, 30 NY3d at 242; City of New York v Bay Ridge Prince, LLC, 168 AD3d 808).
The petitioner's remaining contention is without merit.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court