Winston v Reichenbaum (2022 NY Slip Op 05737)

Winston v Reichenbaum

2022 NY Slip Op 05737

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2018-00519
2018-00520
 (Index No. 602750/15)

[*1]Jonathan Winston, et al., respondents, et al.,
v
Mark A. Reichenbaum, etc., et al., appellants.

Rosenberg Feldman Smith, LLP, New York, NY (Michael H. Smith of counsel), for appellants.
Jonathan Winston and Eve Strausman Winston, Locust Valley, NY, respondents pro se.

DECISION & ORDER
In an action, inter alia, for a judgment declaring the rights of Eric Reichenbaum under two letter agreements dated July 10, 2006, and April 11, 2007, respectively, the defendants appeal from (1) a decision of the Supreme Court (Timothy S. Driscoll, J.), entered September 20, 2017, and (2) a judgment of the same court entered November 6, 2017. The judgment, insofar as appealed from, upon the decision, made after a nonjury trial, declared that Eric Reichenbaum has no rights in Winhaven Associates, LLC, or Winhaven Associates II, LLC, adjudged that the third cause of action, alleging that Eric Reichenbaum breached the letter agreements, was academic because Eric Reichenbaum canceled the letter agreements in September 2012, and, in effect, dismissed the defendants' counterclaim alleging breach of contract.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the appeal from so much of the judgment as adjudged that the third cause of action, alleging that Eric Reichenbaum breached the letter agreements, was academic because Eric Reichenbaum canceled the letter agreements in September 2012, is dismissed, as the defendants are not aggrieved by that portion of the judgment (see CPLR 5511); and it is further,
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs Jonathan Winston and Eve Strausman Winston.
Jonathan Winston (hereinafter Winston) negotiated an agreement with Eric Reichenbaum pursuant to which Reichenbaum was to invest in a real estate development project known as the Fields at Mattituck. Winhaven Associates, LLC, and Winhaven Associates II, LLC (hereinafter together the Winhaven LLCs), were the project's developer. On July 10, 2006, Winston's wife, Eve Winston (hereinafter Eve), as principal of the Winhaven LLCs, executed a letter agreement wherein Reichenbaum agreed to purchase a 25% interest in the Winhaven LLCs for a sum of $3.25 million. Under the terms of the letter agreement, Reichenbaum was promised the greater of a guaranteed 10% per annum return on his investment or the 25% equity interest in the project. On April 11, 2007, Eve executed a second letter agreement with Reichenbaum wherein it was agreed [*2]that Reichenbaum had contributed an additional $500,000 in capital to the project and otherwise maintained the same terms of the July 10, 2006 letter agreement. The plaintiffs allege that Reichenbaum was responsible for 25% of the Winhaven LLCs' expenses, but failed to fulfill his obligation. Reichenbaum loaned Eve additional sums totaling $2,219,276 from April 2008 through December 2010. Reichenbaum received a total of $2,261,154.29 or $2,256,154.29 from May 2008 through July 2012 from Eve or various entities. The plaintiffs contend that at a meeting in September 2012, Reichenbaum announced that he no longer wanted to be a part of the deal and ripped up the letter agreements.
On or about December 31, 2012, the plaintiffs commenced the instant action asserting, inter alia, causes of action to recover damages for breach of contract, alleging that Reichenbaum had failed to pay his agreed upon share of the Winhaven LLCs' expenses, and for a judgment declaring that Reichenbaum has no rights in the Winhaven LLCs. The defendants interposed an answer with counterclaims asserting, among others, a counterclaim to recover damages for breach of contract, alleging that Winston and Eve failed or refused to repay the loans Reichenbaum made to Eve.
A nonjury trial was held, inter alia, with respect to the causes of action for a judgment declaring that Reichenbaum has no rights in the Winhaven LLCs and to recover damages for Reichenbaum's breach of his agreement with Eve, as well as the defendants' counterclaim for breach of contract arising from the loan agreement between Reichenbaum and Eve. At trial, testimony was presented from, among other witnesses, Sheldon Ganz, a certified public accountant who prepared tax returns for Winston, the Winhaven LLCs, and Reichenbaum for many years and who himself was a former member of the Winhaven LLCs. Ganz testified, inter alia, that Reichenbaum and Winston informed him that Reichenbaum had entered into an agreement to purchase a profit participation interest in the Winhaven LLCs, that Reichenbaum expressed to him that he did not want to have an ownership interest in the Winhaven LLCs, that Reichenbaum asked that the Winhaven LLCs' tax returns not reflect any ownership interest by Reichenbaum, that Reichenbaum's personal tax returns did not reflect an ownership interest, that Reichenbaum agreed to be responsible to pay 25% of the Winhaven LLCs' expenses and did pay those expenses for a time, and that Reichenbaum stopped paying the expenses and ultimately canceled the agreement in September 2012. The parties stipulated that from April 2008 through December 2010, Reichenbaum loaned Eve a total of $2,219,276, and that from May 2008 through July 2012, Reichenbaum received a total of $2,261,154.29 or $2,256,154.29 from Eve and various entities. However, they did not stipulate as to the "purpose or characterization" of each payment.
In a decision after trial, the Supreme Court found that Ganz and the other witnesses, other than Winston, were all credible. The court found that Reichenbaum did not have a membership interest, but rather a profit participation interest, in the Winhaven LLCs. The court further found that the third cause of action, alleging that Reichenbaum breached the profit participation agreement with Eve, was academic because Reichenbaum had canceled the letter agreements in September 2012. The court also determined that the defendants failed to establish their counterclaim alleging breach of contract, finding that there was no evidence establishing the payment terms of any loan, and that Reichenbaum's loan of $2,219,276 to Eve had been fully repaid as he had been repaid more than the amount of the loan. A judgment was subsequently entered upon the decision. The defendants appeal.
The defendants are not aggrieved by the Supreme Court's determination that the third cause of action, alleging that Reichenbaum breached the profit participation agreement with Eve, was academic because Reichenbaum canceled the letter agreements in September 2012, even though they do not agree with the legal or factual basis of the ruling (see CPLR 5511; Fabbricatore v Lindenhurst Union Free School Dist., 259 AD2d 656, 657). The defendants are not aggrieved simply because they do not agree with the "particular findings, rationale or the opinion supporting the judgment" (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545; see Allstate Ins. Co. v Dewar, 186 AD3d 826, 827).
"In reviewing a determination made after a non-jury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses [*3]and hearing the testimony" (Matter of Hersh, 198 AD3d 766, 770-771 [internal quotation marks omitted]). "[W]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, . . . deference is owed to the trial court's credibility determinations" (id. at 771[internal quotation marks omitted]). Contrary to the defendants' contention, the evidence adduced at trial supports the Supreme Court's conclusion that Reichenbaum purchased a profit participation interest in the Winhaven LLCs, rather than a membership interest, and supports the court's determination granting the plaintiffs' request for a judgment declaring that Reichenbaum has no rights in the Winhaven LLCs. Moreover, the evidence supports the court's conclusion that there was no evidence establishing the payment terms of any loan between Reichenbaum and Eve, and supports its determination, in effect, dismissing the defendants' counterclaim alleging breach of contract (see generally Elghanian v Elghanian, 277 AD2d 162). Accordingly, we decline to disturb the court's determination.
In light of our determination, we need not reach the defendants' remaining contention.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court