Stagg, Terenzi, Confusione & Wabnik, LLP v Clark Dodge Holding, LLC (2024 NY Slip Op 01741)

Stagg, Terenzi, Confusione & Wabnik, LLP v Clark Dodge Holding, LLC

2024 NY Slip Op 01741

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-08404
 (Index No. 602904/15)

[*1]Stagg, Terenzi, Confusione & Wabnik, LLP, appellant-respondent, 
v
Clark Dodge Holding, LLC, et al., respondents-appellants, et al., defendants.

Stagg Wabnik Law Group, LLP, Garden City, NY (Thomas E. Stagg and Andrew Kazin of counsel), for appellant-respondent.
Brian J. Davis, P.C., Garden City, NY, for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, and the defendants Clark Dodge Holding, LLC, Clark Dodge & Co., Inc., Clark Dodge Asset Management, LLC, and Joseph V. DiMauro cross-appeal, from a judgment of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered October 19, 2020. The judgment, insofar as appealed from, upon a decision of the same court dated July 16, 2018, made after a nonjury trial, is in favor of the defendants Clark Dodge Asset Management, LLC, and Joseph V. DiMauro and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the cross-appeal by the defendant Clark Dodge Holding, LLC, is dismissed as abandoned; and it is further,
ORDERED that the cross-appeal by the defendants Clark Dodge & Co., Inc., Clark Dodge Asset Management, LLC, and Joseph V. DiMauro is dismissed, as those defendants are not aggrieved by the judgment cross-appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Clark Dodge Holding, LLC, Clark Dodge & Co., Inc., Clark Dodge Asset Management, LLC, and Joseph V. DiMauro.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract against the defendants Clark Dodge Holding, LLC (hereinafter CDH), Clark Dodge & Co., Inc., Clark Dodge Asset Management, LLC (hereinafter CDAM), and Joseph V. DiMauro, among others. The plaintiff alleged, among other things, that despite a retainer agreement prepared by the plaintiff and signed by DiMauro as a member of CDH, CDAM, and another entity, the defendants failed to pay for legal services the plaintiff rendered. After a nonjury trial, the Supreme Court determined, inter alia, that DiMauro and CDAM were not liable for the plaintiff's outstanding bills, but CDH was. The court also determined that the causes of action alleging fraudulent conveyances pursuant to Debtor and Creditor Law §§ 273 to 276 insofar as asserted against DiMauro and CDAM [*2]should be dismissed in light of the court's determination that the plaintiff was not a creditor of CDAM. The court entered a judgment, among other things, in favor of the plaintiff and against CDH in the total sum of $284,478.76, and in favor of DiMauro and CDAM dismissing the complaint insofar as asserted against them. The plaintiff appeals.
"In reviewing a determination made after a non-jury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (Winston v Reichenbaum, 209 AD3d 801, 804 [internal quotation marks omitted]). Nonetheless, "[w]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, . . . deference is owed to the trial court's credibility determinations" (id. at 804 [internal quotation marks omitted]).
Contrary to the plaintiff's contentions, the Supreme Court's determination that DiMauro and CDAM were not jointly and severally liable for the legal services the plaintiff performed for CDH was warranted by the facts adduced at trial. Furthermore, because the plaintiff failed to establish that CDAM was liable for the legal services the plaintiff performed, and the parties did not have an express agreement to treat the plaintiff's invoices as an account stated, the court properly dismissed the cause of action to recover on an account stated insofar as asserted against CDAM (see Gurney, Becker & Bourne v Benderson Dev. Co., 47 NY2d 995, 996; M. Paladino, Inc. v Lucchese & Son Contr. Corp., 247 AD2d 515, 516).
The plaintiff's contention that it was deprived of a fair trial is based upon matter dehors the record and, therefore, is not properly before this Court.
In light of the foregoing, we need not reach the parties' remaining contentions.
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court